TENNESSEE COACH CO. v. A. S. HENLEY et ux.

Eastern Section.   July 9, 1932.

Petition for Certiorari denied by Supreme Court, October 19, 1932.

A. Y. Burrows and Fred Asquith, both of Knoxville, for plaintiff in error.

Hartman, Hartman & Doughty, of Knoxville, and Ben Alexander and J. H. Underwood, both of Clinton, for defendant in error.

OWEN, J.   The Tennessee Coach Company, hereinafter called defendant, has appealed from two judgments rendered against it in the Circuit Court of Knox County; one judgment for $500 in favor of A. S. Henley and one judgment for $1000 in favor of Mrs. A. S. Henley.   By consent, both cases were tried before the same jury.   The plaintiff sued for damages growing out of a collision between a Ford automobile, occupied by the two plaintiffs, and a passenger bus operated by the defendant.

The collision occurred on a State Highway between Oliver Springs and Harriman, Tennessee, on September 1, 1930. There was a motion for a new trial filed in each case. The motion for a new trial in the A. S. Henley case contained three grounds:

(1) There is no material evidence to sustain the verdict.

(2) The evidence preponderates against the verdict and in favor of the defendant.

(3) The verdict is excessive.

The motion for a new trial in the Mrs. Henley case contained four grounds: the same three mentioned in the husband's case, with an additional ground that the Court erred in its charge to the jury. No excerpt from the Court's charge was set out as a basis for this fourth ground, but the complaint appeared to be leveled that the statement made by the Court, that the negligence of A. S. Henley, the driver of the car at the time of the accident, could not be imputed to Mrs. A. S. Henley, who sustained the relation of a guest in the car. Said motions were both overruled. Defendant prayed and perfected an appeal, and the defendant has assigned eight errors as follows:

(1) There is no evidence to support the verdict in either case.

(2) Both verdicts are grossly excessive.

(3) The verdicts are so excessive as to demonstrate beyond question passion and caprice on the part of the jury.

The last five assignments complain of certain excerpts in the charge of the Court to the jury.

The declarations allege that the driver of the bus was guilty of negligence. He did not observe a look-out ahead. That he failed to have the bus under control. That the bus was on the wrong side of the road when it struck plaintiff's car. That the driver of the bus failed to apply his brakes and stop the bus or coach, and negligently failed to avoid the accident.

The defendant filed a plea of not guilty to each declaration. The plaintiffs below have moved the Court to affirm these two judgments on two grounds:

(1) The assignments of error were not filed within the time extended by the Court.

(2) It appears that this cause was submitted on briefs May 4, 1932, before this Division of the Court of Appeals. And the defendant was allowed ten days within which to file its assignments of error and brief. The plaintiffs were allowed five days thereafter in which to reply. The assignments of error were not filed until May 26th. They were replied to promptly on May 27th.

Counsel for the plaintiffs have not waived their motion by replying to the assignments of error. However, as it is the policy of this

Court to endeavor to decide every appeal on its merits, we will not enforce the rule against the defendant, and the motion to affirm is overruled.

It is next insisted that the defendant did not file its bill of exceptions within the time granted by the trial Judge. When the motions for a new trial were overruled, the defendant was given twenty days in which to prepare and file a bill of exceptions. Before the twenty days expired the trial Judge, on his own motion, granted the defendant twelve days additional in which to prepare and file its bill of exceptions.

On March 18, 1932, the defendant appeared just before the time expired for filing its bill of exceptions and obtained an additional twelve days in which to prepare and file its bill of exceptions, the time thus allotted would have expired on March 30th. The bill of exceptions was not signed and filed until March 31. However, the bill of exceptions was signed and filed during the same term the verdict was returned, and the same term the motion for a new trial was overruled.

> "Where time is granted beyond the term of Court for the preparation and filing of a bill of exceptions, it must be signed by the Judge and filed with the Clerk before the expiration of the period of extension, otherwise it cannot be looked to by the Appellate Court." Wright v. Redd, 160 Tenn., 719, 63 S. W., 1120.

The defendant should have filed its bill of exceptions on March 30th and complied with the orders of the trial Judge. However, as the bill of exceptions was filed within the term of Court which heard the trial, we will consider the assignments of error.

We cannot consider but two questions:

(1) Is there any material evidence to support the verdicts?

(2) Are the verdicts excessive? Questions as to errors complained of in the charge of the Court are overruled for the reason none of these errors were called to the attention of the lower Court in the motion for a new trial. These assignments do not comply with rule No. 11, Section 5 of this Court, which rules are published in every volume of this Court's opinions. This mode of practice and procedure is so well known to the Courts and the bar of Tennessee that it is not necessary to cite authority in support of our present holding.

Briefly stated, as to the facts, the plaintiffs, accompanied by a Miss Dorothy Johnson, were on one of the State Highways of Tennessee, September 1, 1930, going east in a Ford automobile at the speed of about 20 or 25 miles per hour. They were going up a hill and occupying the south side of the road. They were suddenly confronted with the defendant's bus, which came over the hill, going west and run-

ning at about the speed of 35 miles an hour. The bus was on the wrong side or south side of the road. The plaintiff put part of his car into a ditch. The road was about 18 feet wide at the place of the accident. The bus' right front wheel struck the front of plaintiff's car. Just behind the plaintiffs was Roy Hendrickson driving a truck, who testified that the bus could not be seen until it topped the hill, "that as it rounded the curve and topped the hill it was near the center of the road and kept coming to the left and wrong side of the road until it crashed into plaintiff's car, that plaintiff's car was in the ditch on its right side of the road."

This witness testified that a man on the truck with him, on seeing the accident about to happen, exclaimed about the bus driver, "Damn, that fellow must be drunk." This statement was not objected to.

Other witnesses testified similar to the plaintiff and Hendrickson's version as to how the accident happened.

The bus driver, John Criddle, and two passengers testified that plaintiff's automobile got over on the north side of the road, and to avoid a collision the bus had to take the left hand side, and that the bus could not avoid striking the automobile and knocked it when it was struck into the ditch on the south side of the road.

This conflict in the evidence was settled by the jury, and we find material evidence to support the two verdicts.

A. S. Henley testified that he was slightly injured in the accident, but he did not sue for any injuries. He proved that his automobile was damaged $350. He had paid $50 to doctors; that he had taken his wife, the distance of 40 miles, twenty-eight times since the accident and the date of trial, to Dr. Howard, who was at the time of the trial treating Mrs. Henley once or twice a week. The plaintiff had to secure domestic help to perform, Mrs. Henley's work about the home. She had been able to perform all household work prior to the accident. There were other items of expense that had been incurred or would have to be incurred in treating Mrs. Henley.

As to Mrs. Henley, who sued for injury to her person, she proved that she received a cut on her forehead, her knee was cut and sprained, her nose was broken, and it has become crooked, and her breathing through her nose is obstructed. She received a bruised and injured eye, which forced her to wear glasses, and the sight of the injured eye is permanently impaired. Mrs. Henley suffered great pain from this injury and continues to suffer. And at the time of the trial, more than a year after the accident, she has to receive treatments from the Doctor every week.

We are of the opinion that neither of these verdicts is excessive. They have been approved by a learned trial Judge, who, with the jury, heard all the evidence, saw the witnesses face to face, their

demeanor on the witness stand, and after a careful consideration approved both verdicts. It results that all the assignments of error are overruled and disallowed. Both judgments are affirmed. The two plaintiffs will recover of the defendant the amount of their respective verdicts rendered in the lower Court, with interest thereon from the date of their rendition, and all the costs of the cause for which execution will issue. Execution will issue against the defendant and its surety on appeal bond for the costs of the cause, including the cost of the appeal.

Heiskell and Senter, JJ., concur.