SAVELY v. PHILLIPS.—166 S. W. (2d), 780.

Middle Section.   August 17, 1940.

Certiorari Denied by Supreme Court April 5, 1941.

C. H. Rutherford, Charles H. Rutherford, Jr., and James W. Rutherford, all of Nashville, for plaintiff in error.

Richard Marshall, of Nashville, for defendant in error.

HIGGINS, S. J. This cause is before us on motion made by appellee to dismiss the appeal because of alleged irregularities appearing on the face of the prayer for appeal and appeal bond.

This proceeding had its inception in the filing of the petition in the County Court of Davidson County by one Louise D. Phillips against Elizabeth Savely, in which petition it was alleged that the latter was a person of unsound mind. The prayer was for the appointment of a jury to try the issue of insanity and for a decree accordingly.

Pursuant to the petition thus filed a jury was appointed in the County Court to try the issue of insanity. The result was a finding by the jury adversely to the defendant below.

A motion for a new trial was made and overruled and thereupon the alleged incompetent prayed an appeal to the "next term" of this court.

The judgment of the County Court upholding the verdict and adjudging the defendant to be an incompetent was rendered on the 25th day of May of the present year.

The transcript of the record was filed on the 30th day of May last.

The challenge to the appeal is predicated upon the contention that the County Court was without power to allow an appeal to the "next term" of this court; or that the granting of the appeal to the next term was a fatal irregularity for the reason that at the time the appeal was allowed this court was in session.

A further statement of the contention is that when this court or any appellate court to which an appeal is taken is in sessions, an appeal must be taken to the "present term" and not to the "future and succeeding term."

It is true that this court was in session at the time the appeal was allowed. Of this we take cognizance. A regular term or session of this court commenced on the first Monday in May of the present year. We note of course that the regular or statutory term or session of this court succeeding the present one will commence on the first Monday in September next.

Recurring to the insistence of learned counsel for appellee, we shape his proposition thus: That the appeal should have been taken to the "present and current term" of this court, and that the attempt to appeal to the "succeeding term" was utterly void. In support of this proposition able counsel directs our attention to the case of Pond v. Trigg, 52 Tenn. (5 Heisk.), 532. We have critically examined and analyzed that decision.

We do not interpret the opinion of the court in the same way as does counsel for appellee. Admittedly the appeal in that case was ir-

regular and void for the reason that the appeal bond executed pursuant to the allowance of the appeal embraced cost and damages only and did not in any wise extend to or secure the amount of the money decree allowance by the Chancellor.

Another serious question raised was with regard to the appealability of the order that was the basis of that complaint in error. Manifestly the appeal in that case was not according to the law, for appellant was undertaking by his appeal to obtain an undue advantage over adversary and was subjecting the rights of the appellee to hazards which the law would not suffer.

That court was also correct in ruling that this was a defect which the Supreme Court could cure at any time it was brought to the attention of the court, although in advance of the term to which the appeal was taken.

With respect to the case at bar, we fail to note any irregularity upon the face of the prayer or allowance of the appeal, unless it be that portion of the prayer and granting of the appeal to the "next term of this Court." Instead of holding as learned counsel urges, that an appeal to a court of review must be to the term of court in session at the time of the allowance of the appeal, the Supreme Court held that the losing party had the option to appeal to the pending or the succeeding term of court. The court used this language, "But if defendant could have appealed at all from this order [the order under consideration], he could have appealed to the present as well as to the next term, and by notice and filing the record have had his rights determined as well at this [the present] term as at the next," citing old Code Section 4515, which is reproduced and appears as 10652 of the Code of 1932. This latter section is in substance that an appeal or an appeal in error, or a writ of error, may be prosecuted from any final judgment or decree rendered in an inferior court during the current term of the Supreme Court.

The preceding section of the Code of 1932 is in substance that all appeals and appeals in the nature of writs of error taken from the final judgment or decree of an inferior court at any time before the sitting of the Supreme Court shall stand for hearing at the first term without notice to the opposite party.

When these two sections are read together their meaning is unquestionably this: That appeals should generally be taken to the next term succeeding the time at which an appeal is granted, and that they shall stand for hearing at that succeeding term; but that an appellant has the option to appeal to the present or current term of the court and may have a hearing at that term upon giving five days' notice of that desire to his adversary.

These two sections appear in chapter 3 of title 11 of the Code of 1932, which chapter relates to and deals with the jurisdiction and practice of the Supreme Court. But we are of opinion that these

Code provisions touching appeals should be held to apply to ordinary appeals to this Court. The endeavor of the Supreme Court has been to ascribe to and vest in the Court of Appeals the right to follow the rules respecting appeals to the Supreme Court.

There is a total absence of any statute other than those just cited which even squints at or touches upon the terms of courts to which appeals should be taken.

Code, Section 9040 is to the effect that any party to a judgment or decree may pray and obtain an appeal therefrom.

Code, Section 10631 is to the effect that the Supreme Court has no original jurisdiction, but that appeals and writs of error or other proceedings for the correction of errors lie from inferior courts and court of appeals of law and equity in each division, to the Supreme Court.

Code, Section 9047 is to the effect that when an appeal or appeal in error is prayed from a judgment of an inferior court to the Court of Appeals or the Supreme Court, the appeal shall be prayed and bond made or oath taken within thirty days from the judgment or decree.

The Code Sections above referred to are all those appertaining to appeals, except those touching appeals within the discretion of the Chancellor and those wherein real estate is sought to be sold.

██ It will be noted that there is no language in any of them importing an obligation to take an appeal to a present or current term; nor is there any provision that the allowance of an appeal shall be to the succeeding term. Whether the one or the other shall or may be allowed must be arrived at by consideration of the subject matter and the history of the courts and the practice obtaining with respect to them. There is a provision in the chapter on "practice of the Supreme Court" which impliedly requires or at least suggests that appeals to the Supreme Court should be to the succeeding term. We have reference to section 10651 which is to the effect that all appeals and appeals in error taken at any time before the sitting of the court shall stand for hearing at the first term.

██ The preceding section 10646 deals with the matter of terms and clearly imports the holding of regular terms at stated intervals, thus dividing the work of the court into distinct periods.

An appeal partakes both of the nature of a new action and the continuance of the old one. In so far as it is a new legal proceeding, both reason and custom inculcate that there be some limitation and some certitude as to the terms in which the proceedings in error are to be instituted. Logically, this should be at the term immediately succeeding the time when an appeal is taken. Both reason and custom and a sense of regularity dictate that proceedings in error be carried to courts of review at stated terms to the end that the business of the court be proceeded with in an orderly manner. Hence we

are persuaded that the proper course to pursue is that of praying for an appeal to the next term of this court, unless there be some overpowering reason for an appeal to the present or current term— thus leaving to the appellant the option to pray an appeal to the current term or to the succeeding term.

It must be borne in mind that appeals are not in all respects as of right. They must be allowed by the inferior court in which the causes are tried. We are not to presume that the trial courts will impose any unreasonable restrictions upon the right of appeal not allow an appeal to other than the present or succeeding term of court.

Not to be overlooked are the statutes creating this court nor the rules adopted by this court pursuant to the statutory grant of power to adopt rules. These rules must be looked to for the purpose of ascertaining the number of terms of this court and the practice to be followed with respect to the docketing of causes and the making up of the calendar.

According to Code, Section 10616 it would seem that there is only one term of this court provided for that Division of the court sitting at Nashville, and that this term begins on the first Monday in September of each year. There is, however, a provision that the court may sit in Sections concurrently in each of the three cities of Knoxville, Nashville and Jackson for such length of time as may be required for any special business.

It was provided by the rules adopted by this court in 1925 and 1934 that the three Divisions of the court were directed or at least permitted to hold three Sessions each year at each of the three places—these Sessions to begin at each on the first Monday in January, first Monday in May and the first Monday in September. It was further provided by those rules that cases will be docketed by counties and docketed consecutively, and that all cases docketed will stand for hearing at the Session beginning next after records are filed. Unquestionably this court had the power to promulgate this rule as it is not in conflict with any statutory provision and is a salutary one. The wording of the rule warrants the interpretation that all causes appealed whether to a current term or a succeeding term or Session, stand for hearing at the succeeding term. If so there was no error in this case in allowing an appeal to that succeeding term instead of to the present or current term.

It is known to all members of the Bar that this court in banc has divided its work into three portions or segments of time, these segments having a definite beginning and of course terminating before the commencement of the next period. It is known of all that this court has three Sessions per year grand division and that there are three calendars or dockets made up by the clerk covering those tripartite portions of the year.

It has been held in other jurisdictions that "terms" and "Sessions" are synonymous. 21 C. J. S., Courts, sec. 147, p. 228; Carpenter v. Birmingham, 211 Ala., 368, 128 So., 899; Deal v. Sovereign Camp (La. App.), 161 So. 621. That is, "Sessions" may be of such regularity as to be equivalent to "Terms" of court. It is our belief that this court has followed the three-session method for so long and in such manner as to distinguish or segregate one session from another, and to justify a ruling that each of the three Sessions of this court held during the year may be referred to as three Terms per year. If this conclusion is sound, inferior courts in granting appeals should direct that may be taken to the next Term or Session of this court. For regardless of the phraseology of an appeal causes will not stand for hearing until the beginning of the next Session.

It may be well for us to restate our holding with respect to appeals or appeals in error to this court. Appeals may be taken to a present or to the next succeeding Term or Session of the court, at the option of appellant, or just as the lower court deems proper: Whether the one or the other course is pursued is not very material, for the reason that under the rules of this court no case will be called or disposed of on the merits until the succeeding Term, unless there be special reasons shown for an earlier hearing or unless the parties produce the record during a present or current term and move for a special sitting after notice to that effect given to the opposite party.

The case of Pond v. Trigg has been misunderstood by the bench, the bar and the commentators. Upon critical analysis and viewed in the light of its facts, the conception that appeals must be taken to the present or current term of court varnishes.

It results that the motion to dismiss the appeal must be and is overruled.

Crownover and Felts, JJ., concur.