LACY et al. v. RYMER.—187 S. W. (2d) 653.

Eastern Section.   November 14, 1944.

Rehearing denied, January 4, 1945.

Petition for Certiorari denied by Supreme Court, May 5, 1945.

John S. Wrinkle and Williams & Frierson, all of Chattanooga, for appellants.

Mayfield & Mayfield, of Cleveland, for appellee.

BURNETT, J.   The appellee, Rymer, now moves to dismiss the appeal because of the long delay of the appellants in filing the transcript in this Court.

The Chancellor entered a final decree herein on January 19, 1942. Thirty days was allowed from this date for the appellants to perfect an appeal. A pauper's oath for the appeal was filed on February 17, 1942. Apparently thereafter the Clerk and Master demurred to having to make up the record on a pauper's oath. Then it was that one of the attorneys for appellants agreed "that he would have his own secretary make up the record" for the Clerk and Master. The transcript was not made and submitted to the Clerk and Master until April 27, 1944. It was filed with the Clerk of this Court on July 6, 1944. The only excuse offered for this long delay is that the secretary of Mr. Wrinkle who was to make up this transcript had left his employment and entered war work.

We do not think this a sufficient excuse for a delay of over two years in the preparation of the transcript. Obviously the delay is due to the fault of the appellants. It is not chargeable to the Clerk and Master nor to the appellee. The transcript in its entirety is only 58 pages. In a city the size of Chattanooga certainly stenographic assistance in preparing such a small record could have been more speedily secured. For this reason the motion to dismiss must be sustained.

It is made the duty of the clerk of each of the several courts of this state, by sec. 10060 of the Code, when the cause is taken up by appeal, in the nature of a writ of error, to this court, to make out a transcript of the record and transmit it to the clerk of this court, "within forty days after the entry of appeal." Rule 6 of this court carries a similar provision. This rule and others of this court are carried in the appendices to the Code. This rule is a salutary one. It, as well as the Code provision referred to, was enacted for a purpose that is too obvious for comment.

In the instant case the Clerk and Master cannot be, nor is not, charged with a violation of this statute or rule. The neglect to file this transcript is placed directly in the door of the appellants. It is the duty and desire of this court to determine all matters before it as speedily as possible. Code sections 10651 and 10652 provide for a speedy hearing in the Supreme Court.

"These two sections appear in chapter 3 of title 11 of the Code of 1932, which chapter relates to and deals with the jurisdiction and practice of the Supreme Court. But we are of opinion that these Code provisions touching appeals should be held to apply to ordinary appeals to this Court. The endeavor of the Supreme Court has been to ascribe to and vest in the Court of Appeals the right to follow the rules respecting appeals to the Supreme Court." Savely v. Phillips, 25 Tenn. App. 654, 166 S. W. (2d) 780, 783.

"The appeal in error in this cause, operated as an immediate transfer of the cause, upon the rise of the Court, to this Court, and put an end to all further control of the inferior Court over it." Freeman v. Henderson, 45 Tenn. 647, 5 Cold., 647. This being true the appellee could only avail himself of this delay by appearing in this court and moving to dismiss. He could have had a transcript made up himself for this purpose. It would be necessary for us to have something filed here upon which to act. Under the facts here presented it was impossible for the appellee to do this as the record was out of the Clerk and Master's hands and in the hands of appellants' counsel. For this reason we think the motion to dismiss comes in time.

"An appeal absolutely devitalizes a decree as an adjudication, and confers full jurisdiction on the appel-

184

late court to deal with the cause as though no decree had ever been pronounced. Nevertheless, the inanimate decree is in the record, and may be, by order of the appellate court, or the consent of both parties, or the *act* or *neglect of the appellant*, be revitalized, in whole or in part." (Italics ours.) Gibson's Suits in Chancery, sec. 1262, page 1053.

The appeal is dismissed at the costs of the appellants.

### On Petition to Rehear.

A petition for a rehearing is filed herein and accompanying and a part of this petition is a request to now be allowed to suggest a diminution of the record. The paper offered as a missing part of the record is nothing more than an ex parte statement of the Clerk and Master dated since we handed down our former opinion herein. It is no part of the record.

There is affixed to the record a statement of the Clerk and Master—just before page one—which was made, he says, on order of the court. In this statement he says:

"Objection was made to the complainants appealing on the pauper's oath, and John S. Wrinkle, solicitor for the complainants, agreed in open court that he would prepare the transcript of the record if appeal in forma pauperis was allowed, and upon this agreement the appeal was granted."

In the statement now asked to be filed he says:

"The appellants perfected their appeal by filing pauper's oath on February 17, 1942; and that no objection or question was ever made by the appellee, S. R. Rymer, or his solicitor as to the right of the appellants to appeal upon the pauper's oath."

We have quoted these two excerpts from statements of the Clerk and Master, made at different times and apparently prepared by different individuals. Other parts of these statements conflict. We have merely referred to this matter trying to illustrate the fallacy of placing statements of this nature in a record. Neither statement is a part of this record. We have and are considering both statements along with counsel's affidavit filed herein in our action on the motion to dismiss this appeal. Because this statement is no part of the record and no injustice can be done by denying it we must hold that under the rules of our court the request comes too late. See Rules Court Appeals, appendix to Code and appendix to 9 Tenn. App. Reps. Rule, 20.

The basis for the petition to rehear is that if the petition for diminution is granted that the record will then show that the delay was due to the negligence of the Clerk and Master. It is further argued that the delay was acquiesced in by the appellee by his failure to appear before this court and move for an affirmance of the judgment below and in his delay of some sixty days in preparing an ex parte statement attached to the record.

By a careful examination of our original opinion it will be seen that we treated this appeal as "a simple appeal" as contradistinguished from "an appeal in error." Rule 6 of this court as referred to in our original opinion classes both in the same category in so far as the rule is concerned.

We have again carefully examined this record and fail to find anything to indicate that the appellee acquiesced in the least in this delay. We have carefully considered the authorities cited in this petition, many of these had been considered by us in the preparation of the original

opinion, and we do not consider any of them applicable under the facts herein presented. The delay of the Clerk and Master for "a few weeks" is not in question here. The delay complained of and on which our opinion is based, is that of counsel for the appellants of over two years.

"It is the policy of this Court to endeavor to decide every appeal on its merits . . .", says Judge Owen in Tennessee Coach Company v. Henley, 15 Tenn. App. 183. This certainly is still the policy of this Court and especially of the personnel thereof. But when a point is made, by the opposing party, of a long delay in doing what should have been done in such a short time, we must enforce some reasonable rules. In the absence of any definite rule on the subject we must adopt a reasonable attitude under the facts and circumstances of the particular case.

For the reasons herein set forth the petition is denied at the costs of the appellants.

McAMIS and HALE, JJ., concur.