Deaderick, J.,
delivered the opinion of the Court.
Suit was brought before a Justice of the Peace of De-Kalb County, by defendant in error,’ upon the following note:
“Smithville, TeNN., Jan.'6, 1863.
“Eor value received, we, or either of us, promise to *426 pay Iraby Stone, or order, eigbty-seven dollars and thirty-five eents, bearing interest from this date, January 6, 1863.
“J. L. DeaeMON, [l. s.]
“E. W. Taylor, [l. s.]
“Wm. Gr. FOSTER,, [l. S.]”
On 6th April, 1863, Stone, the payee, assigned the note as follows: “For value received, I assign this note to J. M. Allen, and guarantee its payment, and also waive demand and notice.”
J. M. Allen assigned to plaintiff as follows: “For value received, I assign this note to James Bond, and guarantee the payment; also waive demand and notice. October 30th, 1866.”
Judgment was rendered in favor of the plaintiff, from which defendant Stone alone appealed to the Circuit Court. Upon the trial of the cause the defendant objected to the reading to the jury of the assignment by Allen to Bond, upon the ground that its execution had not been proven. The objection was overruled, and the assignment allowed to be read.
This was error. If the suit had been commenced in the Circuit Court, the assignee could not have been required to prove the assignment, unless it had been denied by plea; but originating before a Justice of the Peace, no written pleading is required in such a case, and this defense, not being required to be sworn to, may be made orally on the trial.
The plaintiff was bound to show that the title or right to the note sued on was in him; and the suit being in his own name, he should have proved the assignment to him.
*427 The suit in this case, was not against Allen, and section 3777 of the Code has no application to this case. The proof of the signature or assignment was not necessary to charge Allen, but to make out plaintiff’s right to maintain his action.
Allen is now a competent witness, and whether his rejection by the Court for the reason stated was proper, is of no practical consequence now.
But Allen is not a mere indorser of the note. His undertaking is very different from that which attaches to an indorser in the usual form.. He has guaranteed the payment of the note, and his obligation amounts to an absolute engagement to pay the money, if the maker did not. And Stone’s being of similar character, he is equally bound. Both of them, by their guaranty, have given credit to the note, and even if there was a want of consideration for the assignment of Stone to Allen, it could not affect their liability to an innocent holder of the note, especially if he took it without notice, and for a valuable consideration.
But for the error above indicated, the cause must be reversed, and remanded for a now trial.