Collier v. Pulliam and Lane.

D. W. COLLIER, Surviving Partner, etc., v. J. J. PULLIAM and JESSE LANE, Executors.

PLEADINGS AND PRACTICE. *Attorneys. Damages.* In an action against an attorney for a failure to bring suit upon accounts placed in his hands for collection, the plaintiff, in order to recover more than nominal damages, must show that the accounts were valid, subsisting debts.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

SMITH & COLLIER for Collier.

HARRIS & TURLEY for Pulliam.

COOPER, J., delivered the opinion of the court.

Thomas & Collier, a firm composed of John Thomas and D. W. Collier, were the successors of two other successive firms of which Thomas was a member. The last firm purchased the assets of its predecessors, including the book accounts. In 1870, Thomas died, and J. L. Pulliam, the testator of the defendants, became administrator of his estate. Pulliam was a lawyer, and, under the direction of Collier as the surviving partner of Thomas & Collier, the accounts were drawn off from the books of the firms to the amount of $21,000, and placed in Pulliam's hands for collection. Pulliam made large collections, all of which have been accounted for with the surviving partner, Collier. About the first of January, 1878, Pulliam

Collier *v.* Pulliam and Lane.

died testate, and the defendants are the surviving executors of his will. This suit was brought on May 22, 1878, to hold Pulliam's estate liable for a number of uncollected accounts upon the ground that Pulliam had neglected to make collections as he was bound to do, whereby these claims were lost. Upon the trial of the cause, the jury found a verdict in favor of the defendants. Upon the motion of the plaintiff for a new trial, the trial judge was of opinion that as to two of the accounts in controversy, the plaintiff had made out his case, and proposed to grant a new trial unless the defendants would allow judgment to go against them for the amount of these claims. The defendants consented to these terms, and judgment was rendered accordingly. But the plaintiff, not being content with the recovery, upon his motion for a new trial being overruled, filed a bill of exceptions, and appealed in error. The Referees have reported in favor of affirmance. The plaintiff excepts.

The error principally relied on is alleged to be in the following charge of the judge to the jury: " I also charge you that it is the duty of the plaintiff to prove that the accounts herein sued for were valid accounts, due and owing from the parties respectively against whom they ran, to your satisfaction, and if he fails to do so as to any of them he cannot recover thereon." The plaintiff requested the court to give to the jury the following instruction: "That if they found from the proof that the books and accounts were placed in the hands of Joel L. Pulliam as attorney for collection, then the burden of proof.

was upon the defendants to show that the said Pulliam had exercised due diligence in the prosecution of suits and collection of claims so placed in his hands." The court declined to give the instruction, but said to the jury: "That if the plaintiff showed by the proof that Pulliam had been apparently negligent as to any item or items of account placed in his hands for collection, then the burden of proof would be shifted to the defendants, and they must account for Pulliam's failure to collect such item or items, and if the defendants failed to account for the same, the jury should find against defendants as to such item or items."

The plaintiff could only prove that the accounts sued for appeared upon the books of the firm, and offered no other proof to show that the accounts were valid, and due and owing by the apparent debtors. There was evidence tending to prove that some of the claims now in controversy, if valid, might have been collected from the supposed debtors for several years after they were placed in Pulliam's hands, and were now barred by the statute of limitations, or rendered worthless by the subsequent insolvency of the parties.

The substance of his Honor's charge is that the plaintiff could not recover without first showing that the accounts, for the failure to collect which the testator's estate was sued, were, when placed in the testator's hands, valid, subsisting debts of the persons against whom they were made out. And that after the plaintiff has made out a *prima facie* case of neg-

Collier *v.* Pulliam and Lane.

ligence, the burden of proof would be on the defend-
ants to satisfactorily explain the testator's failure to
collect. The error relied on is only in the first part
of the charge.

If a claim or demand on a third party be re-
ceived for collection by an attorney, it would be his
duty, if not otherwise collected, to sue upon it in a
reasonable time, or to notify his client of his reason
for failing to do so. His failure to act would be a
negligent breach of contract, for which he would be
liable to nominal damages at least at the suit of his
client. To recover actual damages, the burden would,
upon general principles, be upon the plaintiff, and the
*quantum* of damages would necessarily be regulated by
the value of the claim lost by the failure to sue.
It is, in fact, not easy to see how there can be other
than nominal damages unless the plaintiff makes such
proof. Some of the text books, accordingly, so state
the law. Mr. Greenleaf says: "Where the remedy
against an attorney is pursued by action at law, and
the misconduct has occasioned the loss of a debt, the
existence of the debt is a material fact to be shown
by the plaintiff. If it were a judgment, this is proved
by a copy of the record duly authenticated: *Russell*
v. *Palmer*, 2 Wils., 325, 328. The fact of indebt-
ment to the plaintiff by the debtor must also be
proved by competent evidence, where it has not yet
passed into judgment. In short, the plaintiff has to
show that he had a valid claim, which has been im-
paired or lost by the negligence or misconduct of the
defendant": 2 Gr. Ev., sec. 148. Mr. Greenleaf cites

for his authority 1 Stephens N. P., 434, where the law is thus enunciated, but without reference to any authority. In the only case on the subject in our books, this court expressly repudiate the doctrine that the attorney would be liable for claims received for collection unless he could show proper diligence, and say that the plaintiff must establish the want of diligence by proof, and also the extent of damages so resulting to him. "The affirmation (of the plaintiff) is that there was negligence," says Judge Freeman, in delivering the opinion, "and this negligence must be fairly made out, or else no recovery can be had at all. When the negligence is shown, then as a result damage and the extent of it must be shown—the latter being the measure of the recovery. * * Loss as well as negligence must be shown in order to recovery": Bruce v. Baxter, 7 Lea, 477.

The learned counsel of the plaintiff has cited several text writers who seem to lay down the general proposition, that when negligence is proved, it is for the attorney to defend himself by showing that the client has not been hurt by his negligence: Wood's Mayne on Dam., sec., 648; Whart. on Neg., sec. 752; Sherm. & Red. on Neg., sec. 220. The context shows that these writers have in their view the case where a judgment has gone against the client by the negligence of the attorney, and they all cite the same authority, namely, Godefroy v. Jay, 7 Bingh., 415. In that case the attorney was retained to defend an action of tort, and allowed judgment to go by default. The client was permitted to obtain a recovery against the

Collier *v.* Pulliam and Lane.

attorney for the amount of the judgment, without proving that he had a good defense to the original action. The rationale of the decision seems to have been that if the attorney had put in the defense of the general issue for his client, the plaintiff would have been compelled to make out his case, and that the burden was upon the attorney to show that there was a case against his client, rather than for the client to show that he had a good defense. But with deference, although the client was entitled to nominal damages in any event for the failure of the attorney to make defense, the extent of the damages would depend upon whether the client had a good defense. And so it seems to have been intimated in *Harter* v. *Morris*, 18 Ohio St., 492. Of course, the defense in such a case might depend upon the ability of the plaintiff to establish a cause of action, as well as upon the nature of the defense. And the court in a case of plain negligence on the part of an attorney would not be very exacting in its requirement of a *prima facie* showing in order to shift the burden to the other side. Be this as it may, a failure to properly defend or prosecute a pending suit is very different from a failure to bring a suit on an alleged debt. The validity of the debt is the only possible ground for the successful prosecution of such a suit, in the absence of which the client would be benefitted rather than damaged by the failure to sue.

The exceptions to the report of the Referees will be disallowed, and the judgment below affirmed. But the appellant will pay the costs of this court.