## ST. LOUIS & SOUTHWESTERN RY. CO. v. ELIAS KABAKOFF, et al.

Western Section. December 31, 1926.

No petition for Certiorari was filed.

1. **Appeal and Error. Bill of exceptions must show affirmatively that it contains all the evidence in the case.**
    Where the bill of exceptions fails to show affirmatively that it contains all the evidence in the case, the Appellate Court is precluded from passing on any question involving the evidence.

Appeal in Error from Circuit Court, Shelby County; Hon. A. B. Pittman, Judge.

Affirmed.

Canada, Williams & Russell, of Memphis, for plaintiff in error.
George Poole, of Memphis, for defendant in error.

OWEN, J. The Railway Company has appealed from a judgment rendered against it in the circuit court of Shelby county for $291.05, which was the value of certain goods shipped from Shreveport, Louisiana, to the plaintiff at Memphis, Tennessee. The plaintiff is a tailor, and the goods in question were bought by him in the city of New York, but by error shipped to a party in Shreveport, and after they were opened and examined, M. H. Levy, the party to whom they were shipped in Shreveport, learned that they belonged to the plaintiff and shipped the same to him. When plaintiff received the goods, and upon opening the case or box containing same, he found that some of the cloth in several patterns were missing. The defendant introduced no proof, but at the conclusion of plaintiff's proof, asked that the court dismiss plaintiff's suit and render judgment for the defendant. This the court refused to do and proceeded to render judgment for the plaintiff. The defendant seasonably filed its motion for a new trial, which was overruled, and an appeal was

perfected to this court. The defendant has assigned the following errors; and argument in support thereof, in this court:

"1. The court erred in giving the' plaintiff judgment against the St. Louis Southwestern Railway Company in the sum of $291.05, and in refusing the defendant's motion for a judgment in its own behalf at the conclusion of all of the proof, because the plaintiff sued on the bill of lading marked Exhibit 'C' to the deposition of Mahon H. Levy which has on the back thereof a condition, among others, as follows:

" 'Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recover, claims must be made in writing to the originating or delivering carrier within six months after delivery of the property (or in case of export traffic, within nine months after delivery at port of export), or in case of failure to make delivery, then within six months (or nine months in case of export traffic), after a reasonable· time for delivery has elapsed; and suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed.'

"The plaintiffs failed to prove that written claim had been made upon the defendant for the loss within six months after delivery of the box of dry goods, as required by said condition of the contract, and there being no proof in the record of such written claim having been made, the court erred in refusing to enter judgment for the railroad company, as the burden of proving compliance with this condition rested on the plaintiffs.

"2. If the plaintiffs were not under the obligation to prove that a written claim was made upon the railroad company within six months after delivery, as required by the above stated condition of the bill of lading, it was then the duty of the plaintiffs to prove affirmatively that the railroad company was guilty of negligence in handling the shipment, as required by said condition of the bill of lading, before there could be a recovery against the defendant. As there was no proof of negligence on the part of the defendant, the plaintiffs failed to carry the burden of proving negligence, and therefore the court should have entered judgment for the defendant."

We are of opinion that we are precluded from passing upon the evidence as to whether or not there is any proof of notice for the reason that the bill of exceptions fails to state that it contains all the evidence in the case. On page 83 of the transcript, which is a part of the bill of exceptions, we find the following:

"Cross-examination waived."

Witness excused.

"Mr. Poole: That is the plaintiff's case.

"Mr. Russell: The defendant, the St. Louis Southwestern Railway Co. moves the court for a directed verdict in this case upon the ground there is no evidence to sustain a judgment against the defendant and in favor of the plaintiff.

"The Court: I didn't catch you; because it looks like to me a good case has been made out. What is your point?

"Mr. Russell: Possibly it is your Honor, but I feel as though I am willing to rest the defendant's case upon that motion.

"The Court: Without argument?

"Mr. Russell: Yes, sir.

"The Court: Motion overruled.

"Mr. Russell: And the defendant has no proof to offer, your Honor. I would like for the record to show the defendant excepted to the action of the court in refusing to grant the motion for a verdict in behalf of the defendant.

"The cross interrogatories to the foregoing depositions were not read to the court, the defendant's attorney waiving same as they appeared immaterial.

"Thereupon the court gave judgment for the plaintiff against the defendant for two hundred ninety-one and five one-hundredth ($291.-05) dollars, together with court costs, and to the action of the court the defendant then and there excepted.

"Thereafter, on the — day of October, 1926, the defendants, St. Louis Southwestern Railway Company filed its written motion for a new trial, which is as follows, to-wit"

The statement "proof closed" is not the equivalent in a bill of exceptions to the expression "this is all the evidence." Insurance Co. v. Scales, 101 Tenn., 628, 49 S. W., 743. The rule of practice is well settled in this State that the ruling of a trial judge on a question involving disputed or controverted facts will not be reviewed by the supreme court where the record fails to show affirmatively that it contains all the evidence heard by the trial judge on such question; and this rule of practice obtains in respect of and applies to every part of the record pertinent to the disputed question, whether the same arise upon a motion for a new trial, plea or otherwise, equally with the facts pertaining to the general issues. Eatherly v. State, 118 Tenn., 371, 101 S. W., 187.

The instant case was tried before the circuit judge without the intervention of a jury. Not having a bill of exceptions showing affirmatively that all the evidence heard by the trial judge was preserved and made a part of the bill of exceptions, the assignments of error are overruled and the judgment of the lower court in affirmed. The plaintiff will recover of defendant and surety on appeal bond

the cost of the cause, including the cost of appeal, for which execution will issue; and execution will issue against the defendant for the amount of plaintiff's judgment rendered below, with interest thereon from the date of its rendition.

Heiskell and Senter, JJ., concur.