COTHRON v. COTHRON.—110 S. W. (2d), 1054.

Middle Section.    August 14, 1937.

Petition for Certiorari denied by Supreme Court, December 17, 1937.

J. R. Smith and C. R. Jent, both of Lafayette, for plaintiff in error, Manson Cothron.

W. A. Barry, of Hartsville, for defendant in error, Clovis Cothron.

CROWNOVER, J. This was a suit on a note for $735 which originated before a justice of the peace and was appealed to the circuit court where it was tried by the court without the intervention of a jury and resulted in a verdict in favor of the defendant and the suit was dismissed. The plaintiff made a motion for a new trial which was overruled, and she has appealed to this court and has assigned errors.

But there are some preliminary questions which must be decided before we can consider the assignments of errors, as all the assignments of errors are predicated on questions of fact.

1. The bill of exceptions was not marked filed. This was necessary. See Tennessee Procedure, by Higgins & Crownover, sections 1907, 1911, 1921, 1922.

2. If we were permitted to look to the so-called bill of exceptions, we could not consider the same because it does not state

that it contains all the evidence introduced in the case. This is necessary. See Tennessee Procedure, by Higgins & Crownover, section 1894.

For these reasons the judgment of the lower court dismissing the suit must be affirmed. The costs of the cause including the costs of the appeal are adjudged against the plaintiff in error, Mrs. Manson Cothron, and the sureties on her appeal bond.

Faw, P. J., and Felts, J., concur.

### On the Merits on Petition for a Rehearing.

CROWNOVER, J. The judgment of the lower court was affirmed by this court on June 26, 1937, because the record did not show that the bill of exceptions was marked filed in the lower court, and did not show that it contained all the evidence.

Now, this case is again before us on a petition for a rehearing, filed on July 26, 1937, in which it is shown that the original bill of exceptions was actually marked filed and had a statement that it contained all the evidence, which facts were duly certified by the clerk showing that by oversight these matters were left out of the original record, and in the petition Mrs. Cothron suggests a diminution of the record, and also shows that counsel delayed filing the petition on account of illness in his family.

After consideration of the petition, we are of the opinion that the petition for a rehearing should be granted, and the record showing the additional facts should be filed and made a part of the record in this case, and that the case should be heard on its merits.

Rule No. 22 of this court provides that a petition for a rehearing must be filed within ten days after the opinion of this court is filed; but where a good excuse for the delay is given this court may grant a petition for a rehearing within thirty days, provided the court has not adjourned. A judgment becomes final after thirty days. Code, section 9047; Louisville & N. R. Co. v. Ray, 124 Tenn., 16 Cates, 16, 134 S. W., 858; Ann. Cas. 1912D, 910; Red Top Cab Co. v. Garside, 155 Tenn., 614, 298 S. W., 263; Scales v. James, 9 Tenn. App., 306.

This is a suit on a note for $735 executed by Clovis Cothron to W. J. Cothron, who assigned the same to L. W. Cothron, Jr., who in turn transferred it to the plaintiff, Manson Cothron.

The action originated in a justice of the peace court, where judgment was rendered in favor of the defendant.

On appeal to the circuit court the case was tried by the judge without a jury and judgment was rendered for the defendant and the plaintiff's action dismissed.

Motion for a new trial having been overruled, the plaintiff ap-

pealed in error to this court and has assigned errors, which are as follows:

(1) The court erred in admitting in evidence a paper writing purporting to be the will of W. J. Cothron.

(2) The court erred in holding that the note was transferred to L. W. Cothron, Jr., as trustee or executor of the will of W. J. Cothron.

(3) The court erred in not holding that the note was transferred before the will took effect.

(4) The court erred in not rendering judgment for the plaintiff.

There were only two errors assigned in the plaintiff's motion for a new trial, which are as follows:

(1) The court erred in permitting the introduction of the paper writing purporting to be a will.

(2) The evidence did not support the judgment but greatly preponderated against it.

The note involved reads as follows:

"735.00.

"One day after date I promise to pay W. J. Cothron seven hundred and thirty-five dollars with interest at the rate of 6% per annum.

"This Jan. 15th 1930.

[Signed] Clovis Cothron."

The indorsements on the note are as follows:

"I have this day transferred this note to L. W. Cothron, Jr., for services in my affliction. This Jan. 1st 1931.

"[Signed] W. J. Cothron."

"I have this day transferred this note to Manson Cothron this Nov. 15, 1934.

"[Signed] L. W. Cothron, Jr."

As shown by the first indorsement, W. J. Cothron, on January 1, 1931, transferred the note to L. W. Cothron, Jr. (Wilson Cothron).

About that date or some time afterwards, W. J. Cothron wrote a letter (not dated) to Wilson Cothron, which letter was later probated as a will.

The will makes the following statement about the note in controversy:

"A Letter to Wilson:—

"Telling him just what I want done. I have transferred all my notes to you, and Manson, to do as I say with what I leave in your hands. 1st thing I want done after I am dead and laid away is, I want my burial expenses and doctor's bill paid also my private debts paid out of what money I have in Lafayette Bank. I hold a note against Clovis for $735.00 which I want him to have, provided my estate doesn't have any security money to pay for him, if it does I want you to hold the amount paid against him

in said note, and give him the rest." "You tell Clovis that I said if he would pay the notes that I have secured for him that I wanted him to have the $735.00 dollar note and interest on same, but if he don't pay the notes that I have secured for him you hold the notes until he pays them. See that the note doesn't run out of date make him renew same before 6 years runs out or take judgment against him."

W. J. Cothron died on January 29, 1933.

He had lived in the home of Mrs. Manson Cothron, the plaintiff, and her husband, L. W. Cothron, Jr., for about five years before his death.

The second indorsement on the note is dated November 15, 1934, and was made by L. W. Cothron, Jr., to his wife, Mrs. Manson Cothron.

On the trial of the case the defendant, Clovis Cothron, introduced a copy of the will of W. J. Cothron, and he testified that the same had been regularly probated, to which the plaintiff objected on the ground that "said instrument was not a will," which objection was overruled by the judge and the instrument admitted in evidence, to which the plaintiff excepted.

Clovis Cothron then testified that there had been no money paid out for him by W. J. Cothron's estate as surety for him; that he had paid all the notes on which W. J. Cothron was surety for him. He further testified that the will of W. J. Cothron had been probated in the county court of Macon county, Tenn., subject to the above exception.

Mrs. Manson Cothron testified in rebuttal that about two months before W. J. Cothron's death he asked her to bring him this note; that she went to the trunk where they kept the note and got it and gave it to him, and he wrote on the back of it the words, "For services in my affliction," and handed the note back to her; that he said that he wanted to show on the note why he made the transfer; that she "was standing right by him when he wrote the words 'For services in my affliction;'" that he had blood poison in his hand and was afflicted with diabetes and could scarcely write.

██ The defendant objected to the admission of this testimony as to Mrs. Manson Cothron's conversations with the deceased, which objection was sustained, and said testimony was stricken from the record. This action of the court was error as the administrator was not a party to this suit, and the evidence was competent, but the plaintiff did not preserve her exceptions to the action of the court in excluding this evidence, and did not assign errors on this proposition. Hence we cannot consider this proposition. Tennessee Procedure by Higgins & Crownover, sec. 1978, subsec. 5; McCommon v. State, 130 Tenn., 17, 18, 168 S. W., 581; Rhoton v. Burton, 2 Tenn. App., 164.

Mrs. Lassie Burrow, a sister of Clovis Cothron, and Mrs. Mamie Hammock, cashier of the Hartsville Bank, testified that they did not think the words "For services in my affliction" were in the handwriting of W. J. Cothron; that it did not look like his handwriting. Clovis Cothron testified that these words were not in his handwriting.

The note involved matured "one day after date." It was transferred by L. W. Cothron, Jr., to his wife, Manson Cothron, nearly five years after maturity, and almost two years after the death of W. J. Cothron. Therefore she is not a holder in due course, and took the note subject to the equities which attached to it and succeeded only to the title of her transferor, L. W. Cothron, Jr. Code, sections 7376, 7377; 8 C. J. 264, section 413.

The defense of Clovis Cothron to the suit on the note is that the note was transferred to L. W. Cothron, Jr., in trust, as shown by the will; that he has complied with the conditions in the will, and the note should be surrendered to him as directed in the will.

The note purports to show a consideration for the same—that it was given for services in the illness of W. J. Cothron. But three witnesses testified that the words, "For services in my affliction." were not in the handwriting of W. J. Cothron. Mrs. Manson Cothron's testimony that she saw him write these words was excluded, on objection, and she did not assign error on the exclusion of the same, as hereinabove set out. The preponderance of the evidence therefore is that these words were not written by W. J. Cothron.

But the transfer was, in the absence of evidence to the contrary, presumed to be for a valid consideration. Code, section 7829.

The burden, therefore, is on Clovis Cothron to establish that the note was conditionally delivered to L. W. Cothron, Jr.

Under the Negotiable Instruments Law the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument, as between immediate parties or one not a holder in due course. Code, section 7359; 8 C. J. 206, section 336.

"In other words, the effect of delivery and the extent of the operation of an instrument not under seal as a negotiable note may be limited as between the parties to it or others having notice, by the condition on which delivery is made. Smith v. Dotterweich, 200 N. Y., 299, 93 N. E. 985, 33 L. R. A., N. S., 892." 8 C. J. 206, note 9(a).

"Evidence to show want of delivery may be circumstantial, and in a proper case evidence of the actual consideration, or of failure of consideration, or tending to show a conditional delivery, is admissible on that issue." 8 C. J. 1030, section 1344.

"A conditional delivery may be shown by parol, at least where the

394

holder is not a bona fide holder in due course.'' 8 C. J. 1030, section 1344.

The will and the testimony of Clovis Cothron show that the note was conditionally delivered to L. W. Cothron, Jr., as trustee, as found by the trial judge, and that it did not become the property of L. W. Cothron, Jr.

''A valid trust of personal property may not only be created but may also be established and proved by mere parol declaration. It is essential that the expressions used should amount to a clear and explicit declaration of trust. The subject-matter of the trust as well as the object of the trust must be pointed out with certainty.'' Harris v. Union Bank, 41 Tenn., 1 Cold. 152, 153; 65 C. J. 254, 255.

L. W. Cothron, Jr., did not testify. He was the person to whom the note was transferred, and he and his wife, Mrs. Manson Cothron, were appointed trustees in said will to see to the payment or collection of certain notes, etc. He knew more about these matters than anyone else.

The plaintiff contends that after this conditional delivery was made, W. J. Cothron made a transfer of the note to L. W. Cothron, Jr., in consideration of services in his affliction, but, as hereinabove shown, this was not established.

The plaintiff assigns as error the admission in evidence of a copy of the will, over her objection on the ground that ''it was not a will.''

It appears that Clovis Cothron introduced a typewritten copy of the will and testified it was a copy of the will of W. J. Cothron and had been probated in the county court as the will of the deceased. The plaintiff objected to its introduction as ''it was not a will.'' We think the objection was too general. And the objection did not raise the propositions that it was a copy, and not supported by the order of probate made by the county court duly certified by the clerk as required by law. The court overruled the objection (as made) and admitted the will in evidence. It is necessary that the party objecting to evidence give his specific reasons why the evidence is incompetent, and he is bound by the reasons given. If he gives the wrong reasons, and the court overrules the objection, he is bound by it. Tennessee Procedure by Higgins & Crownover, section 1264; Louisville & N. R. Co. v. Hunter, 4 Tenn. Civ. App., 465, 477, 478.

''Although evidence is incompetent, the trial court can not be put in error by his overruling an untenable exception to it; and the party excepting thereto can not change his grounds of exception in the appellate court.'' Graham v. McReynolds, 90 Tenn., 673, 18 S. W., 272.

Hence the assignment of error is not well made, and the

objection to the admission of the copy of the will being on an improper ground of exception, and being overruled, has the same effect as if the will was admitted without objection. Hence such copy has the same legal effect as the original or a duly·certified copy. 9 Ency. of Evidence 89, 120; Tennessee Procedure, section 1294; Westmoreland v. Farmer, 7 Tenn. App., 385, 389.

"In an action involving the validity of a will, where a copy of the will has, without objection, been admitted in evidence in place of the original, it is error for the court to instruct the jury that such copy is no evidence because the original should have been produced. James v. Langdon, 7 B. Mon. (Ky.), 193." 9 Ency. of Evidence 121, note 18.

The assignment that the evidence did not support the judgment, but greatly preponderated against it, is not well made, because the plaintiff Mrs. Cothron's evidence that she saw the deceased write in the transfer of the note the words "for services in my affliction" was excluded by the trial judge, in the following language:

"To all the conversation between W. J. Cothron and Manson Cothron narrated above the defendant excepted, and the court sustained the exception and struck out same from consideration."

No exception was made by the plaintiff to this action of the trial judge, and no assignment of error thereto has been filed in this court. This was necessary, as hereinabove shown.

This leaves the evidence of the defendant and the will, all of which is to the effect that L. W. Cothron, Jr., and Manson Cothron held this note as trustees to be disposed of under the will, and that Clovis Cothron has paid all the notes on which W. J. Cothron was surety for him; hence the plaintiff failed to show that she had a valid title to this note, and this assignment of error must be overruled.

All the assignments of errors are overruled and the judgment is affirmed.

Of course, this opinion will not affect any controversy between the administrator with the will annexed and Clovis Cothron, as the administrator is not a party to this suit.

The costs that accrued in the lower court are adjudged against Manson Cothron and the sureties on her appeal bond filed with the justice of the peace, and the costs of the appeal are adjudged against Manson Cothron and the sureties on her appeal bond filed in the circuit court.

Faw, P. J., and Felts, J., concur.