METROPOLITAN LIFE INS. CO. v. BROWN for Use and Benefit of FLEMING.—169 S. W. (2d), 434.

Middle Section.   December 23, 1941.

Petition for Certiorari denied by Supreme Court, April 4, 1942.

G. S. Moore and Albert Ewing, III, both of Nashville, for plaintiff in error Ins. Co.

Joseph L. Lackey, of Nashville, for defendant in error Tom Fleming.

CROWNOVER, P. J.  This is a suit, brought in the name of Lenora Brown for the use and benefit of Tom Fleming, to recover the cash surrender value ($30.11) of two life insurance policies issued by the Metropolitan Life Insurance Company to Lenora Brown, which policies had lapsed for nonpayment of premiums, and Lenora Brown had given or assigned to her brother Tom Fleming all her interest in both policies.

The contentions of the parties, as stated to the Circuit Court when the case came on the trial, were as follows:

"Mr. Lackey:

" 'This is a suit to recover for cash surrender value of three policies issued on Lenora Brown.'

"Mr. Moore:

" 'This case was certioraried here from the Court of General Sessions.  Our defense is that Lenora Brown brought the lawsuit for somebody else, and she has no interest in the case.  Tom Fleming has no interest in the lawsuit, the policies being taken out on the life of Lenora Brown, and therefore he has no interest whatever in the lawsuit.' "

The policies were "endownment policies" of life insurance, "payable on date of policy after age 79." Each contained what is known as a "facility of payment clause," as follows:

"The Company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this Policy have been satisfied."

Each policy contained the following provision: "Any assignment or pledge of this policy or of any of the benefits thereunder shall be void and of no effect."

Each policy provided for the payment of a surrender value after the payment of premiums for several years, which in this case was agreed to be $30.11 at the date of the lapse of the policies, and which had not been paid or tendered to any one.

Tom Fleming, after the assignment to him of Lenora Brown's claim for the surrender value of the policies, wrote a letter to the Company asking for blank forms in which he might demand payment of the surrender value from the Company, which letter was ignored, as the Company denied liability, whereupon he instituted this suit.

The suit was instituted in the Court of General Sessions, where judgment was rendered dismissing the same. It was then removed by certiorari to the Circuit Court by the plaintiff where it was tried by the judge without the intervention of a jury and judgment was rendered in favor of the plaintiff Lenora Brown for the use and benefit of Tom Fleming against the Insurance Company for $30.11 together with the costs of the cause.

The defendant's motion for a new trial was overruled and it appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) There was no evidence to sustain the judgment.

(2) The court erred in admitting in evidence a letter from Lenora Brown to Tom Fleming, giving or assigning her interest in the policies to him.

(3) The court erred in failing to hold that the attempted assignments of the policies to Tom Fleming were invalid because each policy contained a stipulation prohibiting the assignment thereof.

(4) The court erred in holding that the suit could be maintained by Lenora Brown for the use and benefit of Tom Fleming on the pauper's oath executed by Tom Fleming.

The facts necessary to be stated are as follows:

Lenora Brown, of the age of thirty years, on October 7, 1918,

procured from the Metropolitan Life Insurance Company a policy of insurance on her life for $138, the weekly premium being 10 cents.

On September 27, 1920, she procured another policy, for $195, the weekly premium being 15 cents.

The policies contained the provisions hereinabove set out.

After several years both policies lapsed for nonpayment of premiums.

The cash surrender value of the first policy was $14.17, and of the second $15.94.

It appears that she procured two other policies which were allowed to lapse before a surrender value had accrued.

In 1940 Lenora Brown had become a resident of Chicago, Ill. Her brother, Tom Fleming, was a resident of Nashville, Tenn.

On February 1, 1940, Lenora Brown wrote a letter to Tom Fleming, in which she gave him her interest in said lapsed policies and authorized him to sue in her name for a recovery. The letter is as follows:

"Chicago, Illinois
"February 1, 1940

"Tom Fleming
"209 9th Ave. S.
"Franklin, Tennessee

"Dear Brother Tom:

"This is to advise you that I received your letter concerning my old lapsed insurance policies with the Metropolitan Life Insurance Company.

"This is to advise that I give to you all my right title and interest in the said policies, which are #57728078, 53863887, 62348339, 57728078, 76483144, 53663887, issued by the Metropolitan Life Insurance Company, insuring my life.

"I release all my right, title and interest in the said policies to you, and authorize you to collect whatever value there may be in them for your use and benefit, and if it is necessary to file suit to recover on these policies, I authorize you to use my name to sue for your use and benefit.

"I hope you will be able to get something out of them.

"Your sister,
"(Signed) Lenora Brown
"2301 State Street, Apr. 22
"Chicago, Illinois."

1. The plaintiff introduced in evidence the letter from Lenora Brown, hereinabove set out, giving or assigning her interest in the said lapsed policies to him.

The defendant objected to the introduction of the letter, but did not specify the ground of its objection.

The court overruled the objection and admitted the letter in evidence, to which the defendant excepted.

■ The defendant has assigned as error the court's action in admitting the letter. But this assignment must be overruled, as a general objection to the introduction of evidence, where no reason for the objection is given, is not good, and the action of the lower court in overruling the exception will not be reviewed on appeal. Crane v. State, 94 Tenn., 86, 89, 98, 28 S. W., 317; Railway Company v. Beeler, 90 Tenn., 548, 18 S. W., 391; Cothron v. Cothron, 21 Tenn. App., 388, 394-395, 110 S. W. (2d), 1054.

■ 2. The defendant did not file a plea of non assignavit. In order to contest the assignment it is necessary to plead non assignavit. Tennessee Procedure by Higgins & Crownover, sec. 623.

■ By a practice which seems to have obtained in this state from an early period, without legislative sanction, but too well established to be now questioned, an indorsee or assignee of a note or other instrument is not required to prove the transfer, indorsement, or assignment of the note or bill, or other instrument, unless put in issue by the plea of nonassignment, as it is termed. Shaw v. Bowen, 1 Overt., 249; Whitesides v. Caldwell, 9 Yerg., 421, 423; Richardson v. Cato, 9 Humph., 464, 466; Oliver v. Bank, 2 Swan, 59, 61, 62; Wood v. Neely, 7 Baxt., 586, 588, 589.

In a suit against the maker of a note, the indorsement or assignment of the note to the holder is not the foundation of the action, and it may be put in issue by the maker's written plea of nonassignment, without oath, or orally in cases originating before justices. Richardson v. Cato, 9 Humph., 464, 465, 466; Stone v. Bond, 2 Heisk., 425, 426; Klyce v. Black, Estes & Co., 7 Baxt., 277, 278.

In cases originating before a justice of the peace, the plea of nonassignment may be made orally at the trial, either before him or on appeal to the circuit court, because such pleas are not required to be sworn to, and, therefore, they are not required to be in writing in such cases. Richardson v. Cato, 9 Humph., 464, 466; Stone v. Bond, 2 Heisk., 425, 426; Klyce v. Black, Estes & Co., 7 Baxt., 277, 278; Blackwell v. Fitzpatrick, 9 Baxt., 218, 219, 220.

In suits originating before a justice of the peace, an oral objection to the reading of the indorsement or assignment on the instrument sued on, without proof of the same, is equivalent to an oral plea of nonassignment, either before him or on appeal to the circuit court; but a general objection, without stating the reason therefor, is not sufficient. Richardson v. Cato, 9 Humph., 464, 466; Blackwell v. Fitzpatrick, 9 Baxt., 218, 219, 220.

■■ This suit was instituted in the Court of General Sessions, where the pleadings are ore tenus, and ordinarily, in the absence of a showing to the contrary, it will be presumed that the defendant pleaded orally all proper pleas borne out by the evidence. Sullivan

v. Tigert, 1 Tenn. App., 262, 265. But in this case the defendant's attorney stated in open court its pleas as above set out and did not in any way plead non assignavit. The parties are bound by the oral statements made by them to the court of the pleadings and defenses in the case. Utley v. Louisville & N. Railroad Co., 106 Tenn., 242, 61 S. W. 84.

3. There is nothing in the defendant's contention that there could be no assignment of any interest in these policies because each policy contained a stipulation prohibiting the assignment thereof.

While each policy provided that any assignment of it would be void, there is a distinction between the assignment of a policy of insurance before loss and the assignment of a claim for loss after the loss has occurred.

A different situation arises and a different rule prevails as to assignments made by the assured after the event has occurred by which liability under the policy is fastened upon the insurer. In such cases the assignment, even though it may purport to be of the policy, is in reality an assignment of a claim under, or a right of action on, the policy. Under these circumstances the reasons for regarding the contract as personal have ceased to operate, and it is generally held or assumed that the policy, or rights thereunder, may be assigned, either with or without the consent of the insurer. 122 A. L. R. 145, and cases cited.

"After a loss has occurred, the right of the insured or his successor in interest to the indemnity provided in the policy becomes a fixed and vested right; it is an obligation or debt due from the insurer to the insured. . . .

"General stipulations in policies, prohibiting assignment thereof, . . . have universally been held to apply only to assignments before loss, and accordingly noncompliance or nonconformity therewith does not prevent an assignment, after loss, of the claim or interest of the insured in the insurance money then due in respect to the loss." 6 Couch on Insurance, 5275, 5276, sec. 1459; Pennebaker v. Tomlinson, 1 Tenn. Ch., 598.

"General stipulations, in policies, prohibiting assignment thereof, . . . have universally been held to apply only to assignments before loss and, accordingly, not to prevent an assignment after loss or death, or the maturity of the policy, of the claim or interest in the insurance money then due." 29 Am. Jur. 410, sec. 506.

"A claimant of losses under a policy of insurance may assign his claim; and this is not a transfer of the policy." Franklin Fire Insurance Co. v. Douglas, 8 Tenn. Civ. App. (8 Higgins), 397.

4. It is insisted by the Insurance Company that under the "facility of payment clause" the Company had a right to determine to whom the surrender value of the policies should be paid.

■ ■ The defendant has paid no one mentioned in the facility of payment clause and has produced no receipt, and has refused to furnish blanks for an application for payment. It is therefore in no position to deny or dispute the right of recovery to the assignee. Williams v. Metropolitan Life Insurance Company (Mo. App.), 233 S. W. 248; Opinion of this Court in the case of Metropolitan Life Insurance Company v. Nellie Johnson, Davidson Law, filed at Nashville on September 21, 1940.

"Within certain limits, the facility of payment clause confers on the company an option as to whom it will make payment. If the company exercises its option and makes payment in good faith to a person within the classes named in the clause, it is protected and is liable to no one else. . . . If the company fails to exercise the option, it is generally liable to the designated beneficiary. . . . The clause does not relieve the company from making payment to some one." 31 C. J., 969, 970, sec. 7.

■ We think that, under a fair and proper construction of the terms of the policy, the defendant is required to pay the amount due to the plaintiff.

■ 5. As Lenora Brown was the assignor and Tom Fleming the assignee, it was permissible to institute the suit as it was done, and Lenora Brown was the "nominal" plaintiff and Tom Fleming the "real" plaintiff. Code, secs. 9094, 8619, 8620; Tennessee Procedure by Higgins & Crownover, sec. 334. The real plaintiff may be required to give security for costs (Tennessee Procedure, sec. 334), but as he was a resident of Tennessee he had a right to take the pauper's oath.

It results that all the assignments of errors are overruled and the judgment of the lower court is affirmed. A judgment will be entered in this court in favor of Lenora Brown for the use and benefit of Tom Fleming against the Metropolitan Life Insurance Company for $30.11 together with interest from May 11, 1941, to the present. The costs of the cause including the costs of the appeal are adjudged against the Metropolitan Life Insurance Company and the surety on its appeal bond.

Felts and Howell, JJ., concur.