## MRS. HAZEL W. HOLCOMB v. HARRY E. STEELE et al. —342 S. W. (2d) 326.

Eastern Section. September 26, 1958.

Rehearing Denied December 29, 1958.

Certiorari Denied by Supreme Court June 5, 1959.

W. C. Rodgers, and Anthony A. and Nell Sanders Aspero, Memphis, for plaintiffs in error.

Thomas R. Prewitt, Memphis, for defendant in error.

HOWARD, J. This case was appealed from the Circuit Court of Shelby County to the Western Section of the Court of Appeals, and by consent transferred to the Eastern Section.

The action is not between the original parties to the above styled case, but between Anthony A. Aspero and Nell Sanders Aspero, Attorneys of the Memphis Bar, who filed an intervening petition herein against the plaintiff Mrs. Hazel W. Holcomb, alleging that they were entitled to 50 per cent of a judgment recovered in her favor as an attorney's fee. They prayed that the money paid into Court in satisfaction of her judgment be impounded until their rights were adjudicated, which prayer was granted, and $4,500.00 of her money was impounded.

The final judgment in the case, entered on the verdict of a jury, denied petitioners' claim to an attorney's fee, dismissed their petition, and awarded judgment to Mrs. Holcomb for $305.25 as six per cent interest upon the $4,500 impounded.

Petitioners appealed, and have assigned errors attacking the merits of the judgment. They have also filed a petition for mandamus to compel the Trial Judge to sign a tendered bill of exceptions which he had previously refused to sign. The questions to be determined may be better understood by a statement of the case and of the unusual pleadings and proceedings shown in the record.

The original action arose out of the collision between two automobiles which occurred on the streets of Memphis. One of the cars involved was driven by Mrs. Steele, wife of Harry E. Steele; and the other by Mrs. Elsie Marie Smith, in which Mrs. Hazel W. Holcomb was riding as a guest.

Following the accident Mrs. Smith employed petitioners Aspero and Aspero to represent her in a claim for damages against Mrs. Steele. Thereafter petitioners were also employed by Mrs. Holcomb to represent her claim for damages against Mrs. Steele by written contract which stipulated that they would be allowed 50 per cent of the recovery in excess of medical expenses as a fee for their services. That contract was signed July 22, 1954, and pursuant thereto petitioners negotiated with the Insurance Company with which Mrs. Steele had liability insurance and received an offer of settlement of the claim of Mrs. Holcomb for $400, which they recommended that she accept. Thereafter, from time to time until about the middle of December 1954, they urged Mrs. Holcomb to sign the compromise settlement for $400, which she refused to do on the ground that her serious injuries entitled her to a larger amount.

In early December 1954, she became dissatisfied with the services of petitioners and consulted with another attorney, Harry Rubert, of the Memphis Bar, who advised her that she was entitled to recover damages against both Mrs. Steele and Mrs. Smith as joint tort feasors. Mr. Rubert did not at that time accept employment, but agreed to confer with petitioners about the case, which he did.

Immediately thereafter petitioners filed in the Circuit Court of Shelby County a suit for Mrs. Holcomb against Mrs. Steele for damages and wrote to Mrs. Holcomb that such suit had been instituted. Thereupon, Mrs. Holcomb employed Mr. Rubert to represent her for the purpose of not only securing a non-suit of the case brought by petitioners, but also to institute a new suit in her behalf against both Mrs. Smith and Mrs. Steele. At the same time Mrs. Holcomb's husband employed Mr. Rubert to institute suit for him against both of said defendants. Mrs. Holcomb also wrote a letter to petitioners discharging them as her attorneys. Petitioners refused to be discharged, and Mr. Rubert filed petition for Mrs. Holcomb in the suit they had brought, praying an order of the Court discharging them as attorneys for Mrs. Holcomb, alleging that they had been negligent in failing to advise Mrs. Holcomb of her right of action against their client, Mrs. Smith, and failing to promptly institute suit, and in recommending a compromise settlement of Mrs. Holcomb's claim for $400. The petition also charged that petitioners had solicited employment in violation of the statute, and had represented an adverse interest in violation of law and professional ethics. The petition admitted that petitioners were entitled to compensation on quantum meruit basis, and asked the Court to determine the amount to which they were entitled.

The petition was answered by petitioners, its charges vigorously denied, compensation on quantum meruit refused, and the contract for 50 per cent insisted upon.

Trial was had upon testimony of witnesses before the Honorable Harry Adams, Circuit Judge.

At the conclusion of the trial, the Judge ruled that petitioners had the right to stand on their written contract, and tender their services, and dismissed the petition for their discharge.

Testimony of that hearing was preserved by a wayside bill of exceptions, and what further action, if any, was taken in that case, does not appear in the record.

Later, on October 10, 1955, two compromise judgments were entered awarding Mrs. Holcomb $3,000 in her case against Mrs. Steele and $3,000 against Mrs. Smith. A compromise judgment was also entered in the case of Mrs. Holcomb's husband against said two defendants for $4,000 damages.

Two days later, on October 12, 1955, petitioners filed their intervening petition herein against Mrs. Holcomb, setting out their written contract of employment and alleging that they were entitled to one-half of the judgment recovered by her against Mrs. Steele, with a lien on the funds paid into Court in satisfaction thereof, and for an order impounding the money until their rights were determined as above stated. The petition was answered by Mrs. Holcomb denying the right of petitioners to an attorney's fee on the same grounds urged in her petition in the other case to discharge them.

Petitioners moved to strike Mrs. Holcomb's answer from the file on the ground that the defenses plead therein had been adjudicated upon the previous hearing, and that she was estopped by testimony given by her on the hearing.

Upon the hearing of the motion to strike the answer, petitioners also filed and put in evidence the wayside bill

of exceptions preserved on the hearing of Mrs. Holcomb's petition to discharge them.

The motion to strike was overruled by the trial judge, and appeal denied. Thereupon, petitioners filed in the Court of Appeals for the Western Section a petition for certiorari and supersedeas alleging that their motion to strike should have been sustained.

The Court of Appeals denied the writ of certiorari, and on review by certiorari the Supreme Court affirmed the action of the Court of Appeals on the ground that res adjudicata and estoppel were pleadable as defenses in bar, but could not be availed of on motion.

Thereafter, petitioners filed in the Circuit Court a replication to the answer of Mrs. Holcomb, pleading res adjudicata and estoppel. They filed two supplemental replications and a special plea of res adjudicata. They also filed a motion to strike parts of the answer of Mrs. Holcomb. The judge sustained that motion in part and struck out from the answer of Mrs. Holcomb the averments relating to liability on quantum meruit basis.

The case was then tried before a jury, and testimony introduced for six days. At the conclusion of the testimony six issues were submitted to the jury, which the jury answered in their verdict as follows:

"Issue No. 1

"Did Anthony A. Aspero solicit the employment to handle claim of Mrs. Holcomb against Mrs. Harry E. Steele? Answer No

"Issue No. 2

"Were the interests of Mrs. Elsie Smith and Mrs.

Holcomb, arising out of the accident of March 19, 1954, conflicting in any material aspect? Answer Yes

"Issue No. 3

"If your answer to Issue No. 2 is 'Yes', did Anthony A. or Nell Sanders Aspero advise Mrs. Holcomb of her legal rights against Mrs. Smith before he undertook to represent both Mrs. Smith and Mrs. Holcomb? Answer Yes

"Issue No. 4

"Was Anthony A. Aspero guilty of any negligence, as defined to you under these instructions in the handling of Mrs. Holcomb's claim which would have resulted, in prejudice to Mrs. Holcomb had Mr. Aspero not been discharged by her? Answer Yes

"Issue No. 5

"Did the injuries of Hazel W. Holcomb, from which she and her husband, Lee R. Holcomb, received a compromised judgment in the amount of $10,000.00, arise out of the accident on March 19, 1954 between the vehicles driven by Mrs. Smith and Mrs. Steele? Answer Yes

"Issue No. 6

"If you answer Issue No. 5 'Yes', what was the aggregate amount of all medical expenses incurred by Mrs. Holcomb as a result of said accident of March 19, 1954? Answer.

"(Withdrawn by consent
Harry Adams, J.)

Horace Wright
"Foreman"

Thereupon judgment was entered upon the verdict of the jury dismissing petitioners' petition for attorneys' fees and awarding Mrs. Holcomb judgment against them as heretofore stated.

Petitioners filed motion for new trial on numerous grounds referred to in the assignments of error hereinafter quoted, which motion was overruled by the Circuit Judge. Petitioners then filed motion in arrest of judgment on the ground that the verdict on Issue 4 was nullified by the verdict on other issues, and a motion for judgment notwithstanding the verdict on the same ground and on the additional ground of res adjudicata and estoppel.

These motions were heard together and overruled by the Court, and petitioners prayed an appeal from the action of the Court on their several motions, which was granted. Bond for appeal was executed, but no bill of exceptions embodying the testimony given on the six day trial was filed.

In lieu thereof, petitioners prepared a token bill of exceptions, setting out much of the colloquy between the Court and counsel during the six days trial, but not any of the testimony that was heard. It also set out testimony and proceedings had on the motion for new trial and affidavits of some of the jurors respecting the verdict of the jury, including interviews of Anthony A. Aspero with members of the jury. Appended to the proposed bill of exceptions is a certificate reciting that it contains all the evidence which is material to the questions of law sought to be raised in the appellate court relating to misconduct of juror, Foreman Wright, and other misconduct, and the Court's instructions to the jury.

Judge Adams declined to sign the tendered bill of exceptions for reasons hereinafter appearing.

The first question for consideration is the petition for mandamus to compel the trial judge to sign the above mentioned bill of exceptions.

Petitioners contend that this Court should issue its writ of mandamus to require Judge Adams to sign the tendered bill of exceptions because they say it contains all of the evidence heard on the motion for new trial respecting the misconduct of the jury, and that they are only assigning errors on the ground of the jury's misconduct.

That same contention was made in the case of Kelly v. Cannon, 22 Tenn. App. 36, 117 S. W. (2d) 760, 762, in which a petition for mandamus to require the trial judge to sign a partial bill of exceptions was filed. In denying the writ, the Middle Section of this Court said:

"The appellate courts cannot direct the trial judge to authenticate a bill of exceptions that does not contain all the evidence." Citing State ex rel. Terry v. Yarnell, 156 Tenn. 327, 5 S. W. (2d) 471.

In the instant case, the trial judge entered an order of record reciting that the tendered "bill of exceptions contains none of the evidence offered on the trial of the cause except the contract of employment between petitioners and Mrs. Holcomb, and that the only evidence contained in said bill of exceptions was part of the evidence heard on the motion for new trial." This recital of fact is conclusive here. State ex rel. Terry v. Yarnell, supra; State ex rel. Shaw v. Cooper, 107 Tenn. 202, 64 S. W. 50.

██ In numerous decisions the appellate courts of this state have held that a bill of exceptions is not sufficient where it does not contain a certificate by the trial judge that it contains all of the evidence heard in the case. Cothron v. Cothron, 21 Tenn. App. 388, 110 S. W. (2d) 1054; Ransom v. State, 116 Tenn. 355, 96 S. W. 953; Yellow Cab Co. v. Maloaf, 3 Tenn. App. 11; St. Louis & Southwestern Ry. Co. v. Kabakoff, 3 Tenn. App. 602; Maddox v. Cone, 1 Tenn. App. 534; Howell v. Sloan Messenger Co., 5 Tenn. App. 312.

Moreover, the petition for mandamus avers that petitioners desire a review by this Court of the action of the trial court on their pleas of res adjudicata and estoppel as well as misconduct on the part of the jury, and they assign errors directed thereto which would require a review of the testimony heard to determine whether or not such pleas were sustained by the evidence.

██ Accordingly, we are of opinion that under the facts as they appear in this petition this Court cannot grant the writ of mandamus sought, and it is denied.

On the merits of the case petitioners have assigned these errors:

"The Trial Court committed positive error and acted illegally with the result that the petitioners were denied due process and equal protection of the laws, as secured them by our Federal Constitution, Amend. 14, and in so doing failed to apply the established law of this State but set up special rules of law in the following particulars:

## "I

"The Court failed and refused to enter judgment in favor of the petitioners, to set aside the verdict of the jury on Issue No. 4 respecting 'negligence' and to sustain petitioners' motion for new trial on said Issue No. 4.

"This was error because (A) The finding on Issue No. 4 is in conflict with the finding on Issue No. 1, which was the determinative, material and paramount Issue in this trial; (B) The finding on Issue No. 4 is in conflict with the findings on Issues No. 2 and No. 3, which were favorable to petitioners; (C) The subject matter of Issue No. 4 was res adjudicata and thus immaterial in this trial; (D) Mrs. Holcomb was legally estopped from raising Issue No. 4 respecting negligence by assuming a position contrary to that which she took at the hearing upon this identical Issue on March 4, 1955;

"This was error, further, because (E) Issue No. 4 submitted to the jury a question of law and failed to submit a question of fact as required by statute 20-1316 T. C. A.; (F) The Court overruled petitioners' motion to withdraw Issues No. 2 and No. 4 from the jury's consideration on for those reasons; (G) The Court based its judgment upon the jury's finding on Issue No. 4, which finding failed to state the facts upon which it was based, was speculative, conjectural and outside the pleadings; (H) The Court failed to instruct the jury so as to define what constituted the negligence of an attorney in his handling of a claim;

"This was error, further, because (I) The Court failed to grant petitioners' motion for a mistrial and,

later, refused to grant a new trial on Issue No. 4 respecting negligence on grounds that the finding thereon resulted from compromise, mistake, corruption and/or other misconduct of the jury; this was error because the proof showed during the trial and by jurors' testimony on proceedings on motion for new trial that misconduct had occurred, that their said finding resulted entirely from a trade or compromise between two factions of the jury which was deadlocked (Reference is here made to the Supplemental Record expected to be filed containing transcript of proceedings on said motion).

## "II

"The Court failed and refused to sustain Motion for Judgment for Petitioners Notwithstanding the Verdict of the Jury (on Special Issue No. 4), as amended.

"This was error because (A) the finding on Issue No. 4 respecting negligence was rendered immaterial as a result of its being contradictory to the findings on Issues No. 1, No. 2 and No. 3; The acts of negligence charged in Mrs. Holcomb's Answer included the alleged failure of Mr. Aspero to advise Mrs. Holcomb of her rights against her hostess Mrs. Smith, but the jury expressly found the contrary and answered 'Yes' to Issue No. 3 which inquired as to whether petitioners had advised Mrs. Holcomb of her said rights;

"This was error, further, because (B) the next item of 'negligence' alleged in her Answer was that Mr. Aspero insisted that she settle her claims for the

sum of $400.00 whereas at the full hearing on her motion to cancel her said Contract on March 4, 1955, she admitted that Mr. Aspero abandoned the proposed $400.00 settlement because he learned that her injuries were more serious than she originally thought; as a matter of law he could not have been guilty of negligence on this item because the abandoned settlement would not have been consummated even if Mr. Aspero had not been discharged;

"This was error, further, because (C) the next item of alleged 'negligence' in Mrs. Holcomb's Answer was that Mr. Aspero failed to advise Mrs. Holcomb of her rights against her hostess Mrs. Smith, whereas the jury expressly found that he did so advise Mrs. Holcomb and answered 'Yes' to Issue No. 3;

"This was error, further, because (D) the remaining act of negligence alleged in said Answer was that Mr. Aspero made errors in the drafting of Mrs. Holcomb's declaration; this matter was fully covered at the hearing on Mrs. Holcomb's motion to cancel her Contract on March 4, 1955 when Mr. Aspero testified that he immediately corrected a little error in her declaration; this act was not negligence as a matter of law and when the Court refused to discharge her said attorney, this item of negligence was adjudicated in Mr. Aspero's favor;

"This was error, further, because, (E) all of the items of negligence alleged in Mrs. Holcomb's Answer had already been fully presented, heard and denied in the proceeding, March 4, 1955; hence, they were necessarily res adjudicata when interposed in her Answer filed in this cause;

"This was error, further, because, (F) Mrs. Holcomb did not regard these alleged acts of negligence as being sufficient to deprive Mr. Aspero of his fee in the proceeding on March 4, 1955, but on the contrary, Mrs. Holcomb asked the Court to fix a fee for his services and to declare a lien in his favor; thus, she was estopped to set up the grounds of her Answer by reason of the conflict thereof with her petition heard on March 4, 1955;

"This was error, further, because (G) the basis on the jury's finding on Issue No. 4 was outside the pleadings; the jurors' explanation in their Affidavit filed herein, together with their testimony before the Court on Jan. 11, 1957 was that the only act of Mr. Aspero's that anyone felt was wrong was that he should have filed Mrs. Holcomb's suit against the Steele's earlier; his 'delay' was not alleged in Mrs. Holcomb's Answer which proves that the basis of the jury finding on Issue No. 4 was outside the pleadings; said testimony of jurors was preserved in a Bill of Exceptions which the Trial Judge refused to sign but which is expected to be filed here;

## "III

"The Court failed and refused to sustain petitioners' motion in Arrest of Judgment; this was error because (A) the finding on Special Issue No. 4 is contrary to and nullified by the findings on Issues No. 1, No. 2, and No. 3; (B) the finding on Issue No. 4 is outside of and contrary to the grounds laid in Mrs. Holcomb's Answer and the instruction of the Court respecting negligence; (C) the finding on Special Issue No. 4 is so uncertain as to what negligence

was considered or intended that said finding does. not support the judgment of the Court."

■ The foregoing assignments of error must be reviewed alone on the technical record since there is no bill of exceptions showing the evidence heard or other rulings made in the proceedings had in the Circuit Court.

The technical record fails to show wherein due process or equal protection of the law guaranteed by the 14th Amendment of the Constitution of the United States, as charged in the first assignment, was in any way involved in this case.

■ The second assignment charges error in overruling petitioners' motion for judgment non obstante veredicto on the theory that the jury's verdict on the fourth issue was inconsistent with its verdict on Issues 1 and 3.

We cannot agree that there is irreconcilable conflict in the verdicts on these issues.

Issue 4 submitted to the jury the question whether petitioners were guilty of negligence in the performance of their contract of employment, which the jury answered in the affirmative. While, as pointed out, the evidence heard by the jury on that issue is not preserved, the technical record does show that Mrs. Holcomb suffered injuries in the automobile collision for which she was paid $6,000 by compromise judgment; that petitioners had recommended that she settle her claim in full for $400; that petitioners were employed on July 22, 1954 and did nothing except negotiate the proposed $400 settlement and recommend its acceptance until in December 1954 they were advised by Mr. Rubert, attorney, that Mrs. Holcomb was dissatisfied with their inaction and

wanted suit brought against their client, Mrs. Smith, jointly with Mrs. Steele, when they immediately brought suit against Mrs. Steele alone. The above stated facts shown in the technical record fully support the verdict of the jury that petitioners were guilty of negligence.

While the jury found on Issue No. 3 that petitioners advised Mrs. Holcomb as to her legal rights against Mrs. Smith before they undertook to represent Mrs. Holcomb, the verdict does not show what that advice was. Since they aver in their pleading that Mrs. Holcomb had no valid claim against Mrs. Smith, that advice must have been that Mrs. Smith was not liable to Mrs. Holclm. If so, that would show negligence. If they advised her that Mrs. Smith was liable jointly with Mrs. Steele, then institution of suit against Mrs. Steele alone was negligence.

■ The verdict of the jury on Issue 1 that petitioners did not solicit employment by Mrs. Holcomb could have no bearing whatsoever on the question of their negligence in the performance of their duties under the contract of employment. The duty owed by an attorney to his client is stated by our Supreme Court in the case of In re Woods, 158 Tenn. 383, 389, 13 S. W. (2d) 800, 803, 62, A. L. R. 904, as follows:

"While an attorney does not guarantee the accuracy of all he does, he is bound to exercise reasonable skill and diligence in attending to business entrusted to his care, and he is bound to possess such reasonable knowledge of well-settled rules of law as will enable him to perform the duties he undertakes." Citing Bills v. Polk, 72 Tenn. [494] 495; Bruce v. Baxter, 75 Tenn. 477; Read v. Patterson, 79 Tenn.

430; Collier v. Pulliam, 81 Tenn. 114; Hill v. Mynatt, Tenn. Ch. App., 59 S. W. 163.

■ The negligence of petitioners and breach of their duty to properly advise and represent Mrs. Holcomb was a breach of their contract of employment and a bar to their right to recover the attorneys' fee sued for.

Petitioners' third assignment of error based upon the same alleged conflict between findings of the jury on Issues No. 2 and No. 4, is without merit for the reasons already stated.

It results that we find no merit in the appeal. Therefore, all assignments of error are overruled, and the judgment rendered below, with interest, is affirmed at the costs of plaintiffs-in-error.

McAmis, P. J., and Felts, J., concur.

McAmis, Presiding Judge (concurring).

I fully concur in the denial of the writ of mandamus. On the merits, I wish to add as an additional ground of concurrence, the following:

Since the case must be decided on the technical record, we must conclusively presume that every issue under the pleadings was determined on sufficient evidence in favor of Mrs. Holcomb. One issue was whether the medical bills incurred in treating her injuries exceeded the recovery, in which case, under the terms of the contract, that was nothing due as attorney's fees.

The record shows that this issue was withdrawn from the jury's consideration "by consent". There is no showing or suggestion, however, that this defense of Mrs.

Holcomb was withdrawn or waived. On appeal in error the presumption is that the judgment is correct and this presumption extends to every defense admissible under the pleadings. It must, therefore, be presumed that the parties "by consent" left this issue to the determination of the trial judge and that he determined it in favor of Mrs. Holcomb. In the absence of a bill of exceptions it must be conclusively presumed that his conclusion. on this issue of fact is correct. Fletcher v. Russell, 28 Tenn. App. 44, 177 S. W. (2d) 854.

In this view of the case the question of res judicata need not be determined.

### On Petitions to Rehear

HOWARD, J. On November 6, 1958, petitioners herein filed a 31 page petition to rehear in which they insist that their case was improperly decided. As we view the petition, it contains no matters not heretofore fully considered and determined by us.

Subsequently on November 21, 1958, while the above petition was pending, petitioners filed "Supplemental Petition to Reconsider and to Rehear" based upon two depositions alleged to have been read and filed in evidence upon the jury trial, during which other evidence was introduced, but none was preserved by bill of exceptions. Under these circumstances, in the absence of a duly authenticated bill of exceptions, these depositions are of no determinative value.

Moreover, no effort of suggestion of diminution of record was made "before the case was called for trial" as required by Rule 20 of the Rules of this Court. Lacy v. Rymer, 28 Tenn. App. 180, 187 S. W. (2d) 653; Anderson

v. Stribling, 15 Tenn. App. 267; Gilreath's Caruthers History of a Lawsuit, 7th Ed., Sec. 451, pp. 494, 495.

■ The office of a petition to rehear is to call the attention of the Court to matters overlooked, not to those things which counsel supposes were improperly decided after full consideration. Black v. Love & Amos Coal Co., 30 Tenn. App. 377, 206 S. W. (2d) 432; Mashburn v. Thornton, 35 Tenn. App. 216, 244 S. W. (2d) 173; Hamilton Nat. Bank v. Woods, 34 Tenn. App. 360, 238 S. W. (2d) 109; Louisville & N. Railroad Co. v. United States Fidelity & Guaranty Co., 125 Tenn. 658, 691, 149 S. W. 671, 680.

Finally, if rehearings could be had until the litigants on both sides were satisfied, suits would become immortal and decisions be postponed indefinitely. Jenkins v. Eldridge, Fed. Cas. No. 7,267, 3 Story 299; Louisville & N. Railroad Co. v. United State Fidelity & Guaranty Co., supra.

Therefore, the petitions are denied at petitioners' costs.

McAmis, P. J., and Felts, J., concur.