# RAILWAY COMPANY *v.* BEELER.

## (*Knoxville.*　　October 1, 1891.)

1. EVIDENCE.　*Construction of written instrument.　Reversal.*

    It is the Court's duty to construe written instruments offered in evidence, but neglect of this duty by the Court does not constitute reversible error, if it clearly appears that the written instrument has neverthe less been correctly construed by the jury.

    Cases cited and approved : Bedford *v.* Flowers, 11 Hum., 245 ; Railroad *v.* McKenna, 13 Lea, 288 ; Roberts *v.* Alexander, 5 Lea, 412 ; Gregory *v.* Underhill, 6 Lea, 212.

2. SAME.　*Same.　Admissibility of parol evidence.*

    Parol evidence is not admissible to alter, vary, or qualify the terms of a written instrument; but is admissible to show the circumstances surrounding the parties at the time of the execution of the instrument, in order that the Court may put itself in the place of the contracting parties, and thus see how the terms of the instrument affect the property or subject-matter of the contract.

    Case cited and approved : Railroad *v.* Mumford, 2 Lea, 398.

3. SAME.　*General exceptions ineffectual.*

    The Court admitted both competent and incompetent parol evidence affecting the construction of a deed offered in evidence.　There was a general exception covering all this evidence.　There was likewise a motion to "strike out all oral evidence in regard to the deed."

    *Held :* The exception and motion to strike out were too general, and did not, therefore, raise any question, even as to the incompetent evidence, that will be noticed by this Court.

4. DEEDS.　*Construction of, conveying right of way.*

    Land-owner conveyed to railway company, upon consideration of the benefits expected from construction of road through his farm, a right of way over his premises upon condition that "the road runs at back of garden."　There was competent parol evidence showing that the

farm contained over three hundred acres; that the garden was immediately in rear of dwelling-house, and was about one hundred feet square; that the land-owner was anxious to have road located over his premises, and to induce the abandonment of a rival line some distance away; that a preliminary survey had been made through the garden and near his residence; and that he had refused to sign deed for right of way without the locative words "provided the road runs. at back of garden."

*Held:* The company had not the right to locate its road, under this deed, anywhere *inside* the garden, but only on the *outside* thereof.

Case cited: 3 Cranch, 604.

---

## FROM GRAINGER.

---

Appeal in error from Circuit Court of Grainger County. W. R. HICKS, J.

WASHBURN & TEMPLETON for Railway Co.

J. T. & J. K. SHIELDS and JOHN T. ESSARY for Beeler.

LURTON, J. Action against the K. C., G. & L. R. R. Co. to recover damages for a trespass by entering upon the premises of Beeler, and constructing its line of railway across his farm without having purchased or condemned the right of way. The Court considered that the plaintiff, if entitled to any thing, was damaged in the sum of $1,500.

There was a verdict and judgment for this sum, from which the railway company has appealed.

The company's defense was that the plaintiff, in consideration of public and private benefits, had, before its entry upon his premises, conveyed to it, by deed duly executed and delivered, a right of way across his farm, and that it had entered under and in pursuance of said deed and constructed its line of road. This deed was upon the condition that "this right is given provided the road runs at back of garden."

The point in controversy was as to the meaning of this provision. Plaintiff insisted that the road had been constructed through and *within* his garden and that the right of way conveyed depended upon the construction of the road *without* and back of his garden. The Circuit Judge, deeming the terms of this provision ambiguous, admitted evidence not only of the situation of the plaintiff's premises, location of this garden with reference to his house and other improvements, but proof as to all that was said and done by the parties at the time of the execution of the deed.

The bill of exceptions shows a general exception to all this evidence. The exception is too general. Some of this evidence was clearly competent, and a general statement in a bill of exceptions that it was all objected to, without any statement of ground of such exception, is bad, and will not support an assignment of error.

Appellant assigns as error that the Court, upon

motion, failed and refused to strike out this evidence. This motion was that the Court would "strike out all oral evidence in regard to the deed." This was too general, and was properly overruled. A motion of this kind, to be available on appeal, should point out explicitly the particular evidence which has been improperly admitted. If the motion covers competent as well as incompetent evidence, it will not be error to overrule same.

Appellant moved the Court to construe the deed to the jury, and to instruct them that the words, "'at back of garden,' meant in or near the back part of the garden; and a location of the railway near the back fence or line of the garden, or obliquely across the back line or fence, partly inside and partly outside, or inside the garden but near the back line, would be a compliance with the proviso." This was refused, and the jury instructed that these words were ambiguous, and they must look to the extraneous evidence admitted "and to all that was said and done at time of its execution," and from this determine whether the road was to be built entirely without and back of the garden or within same, but at or near its back line.

The refusal of the Court to construe this deed to the jury, and its instruction that the jury might look to all that was said and done at the time of its execution to aid them in construing it, is assigned as error. The rule undoubtedly is that the construction of a written instrument in-

troduced in evidence is matter of law for the Court. *Bedford* v. *Flowers*, 11 Hum., 245; *Railroad* v. *McKenna*, 13 Lea, 288.

But this Court will not reverse for failure of the Circuit Judge to instruct the jury as to the legal effect of a contract submitted in evidence if the finding manifestly evinces a correct construction by the jury. *Roberts* v. *Alexander*, 5 Lea, 412. So, it will not reverse where the error is manifestly innocuous and a different result is not possible under the law. 6 Lea, 212.

While parol evidence cannot be admitted to vary, alter, or qualify a written instrument, yet it is clearly admissible to show the circumstances surrounding the parties at the time of the execution of an instrument, in order that the Court may put itself in the place of the contracting parties, and thus see how the terms of the instrument affect the property or subject-matter of the contract. 1 Greenl. Ev., 287; *Railroad* v. *Mumford*, 2 Lea, 398.

If we exclude from consideration all the evidence admitted as to what was said by the parties as to the meaning of this proviso, or its purpose, and look alone to the facts concerning the situation of the premises, and the attitude of the plaintiff toward the company, we have these surrounding circumstances: The farm of Mr. Beeler contained over three hundred acres. His garden was immediately in rear of his dwelling, and was a little over one hundred feet square. He was anxious to have the

railway near his neighborhood, and, to induce it to abandon a rival line some distance away, had offered to give the right of way over his farm. A preliminary line had been surveyed across his farm, whereby the road was located across this small garden, and consequently very close to his residence. He was dissatisfied with this location, and refused to sign the deed conveying the right of way unless it should provide that the road should run at the back of the garden.

These words being inserted by the agent of the railway company, he signed and acknowledged the deed now set up as a defense to his action.

It has been insisted by learned counsel that the grammatical construction of these words must control the legal effect of this proviso, and that the words, "*at* back of garden," grammatically mean within and near the back line of the garden. The preposition *at* is used, according to lexicographers, to denote near approach, nearness, or proximity. Its primary idea may be conceded to be nearness. So, we may admit that it more generally means *within* than *without*, in consequence of this idea of nearness. But it sometimes is so used as to denote *exclusion* rather than *inclusion*.

It was so construed in the case of the *Canal Company* v. *Keys*, 3 Cranch, 604, where one provision of the charter under construction required that the second section of the canal should begin *at* the termination of the first. There it was impossible that *at* should mean *in*.

So from the context, or from the circumstances surrounding the execution of the paper in which it is contained, its meaning may plainly imply an *exclusion* rather than an inclusion of the place referred to. Again, it may be used so ambiguously as to require explanation. One, for instance, may be *at* a place and yet not *in* it, and yet the preposition would sufficiently serve in either event.

It was held in the case of a covenant to deliver tobacco *at* a warehouse, that the obligee was not bound to deliver it *in* the warehouse. 5 T. B. Monroe (Ky.), 374. The connection in which the word is used furnishes the best definition. This is well illustrated in numerous cases cited in Am. & Eng. Ency. of L., Vol. I., pp. 890–893.

The proviso is not that the road is to be constructed *at* the garden. This, in the absence of every thing else, might imply that it was to be constructed *within* the garden. If the clause had read that it was to be located " back of the garden," it would clearly exclude all idea of a location within the garden. The clause is in neither of these terms, but is a combination of both. It is to run *at back* of garden. This may mean within and at back line, or without and back of, according to other circumstances. It becomes necessary to look at the situation of the parties. The garden was in close proximity to the residence. It was a small square of one hundred feet. The preliminary location ran the line through this garden. Under these circumstances, Beeler required

that the words "at back of garden" should be inserted before he would sign.

In the light of this situation, it is impossible to suppose that Beeler intended to make it a condition that the road should run *within* the garden. His purpose was not to compel location at a particular place, but to *prevent* its construction at a particular place. Hence, the clear meaning is that the road shall not run *within* the garden, but back of the garden and *without* the garden altogether. This is the meaning placed on the deed by the jury, and it would be useless to reverse for a new trial that the jury might be so instructed. The error in permitting the jury to look to what was said at the time of execution, as to the meaning of these words, was harmless, for, as matter of law, no other result is possible than the one already reached.

The question of estoppel was submitted to the jury upon proper instructions, and the judgment must be affirmed.