MATTHEW SEFFERNICK,                    )
                                       )
        Plaintiff/Appellant,           )
                                       )        Davidson Circuit
                                       )        No. 93C-1800
VS.                                    )
                                       )        Appeal No.
                                       )        01-A-01-9606-CV-00282
SAINT THOMAS HOSPITAL AND              )
BARRY E. YARBROUGH, M.D.,              )
                                       )
Defendants/Appellees.                  )

FILED

December 18, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE


HONORABLE THOMAS W. BROTHERS, JUDGE


GILBERT & FAULKNER
Roger L. Gilbert, #11499
Two Centre Square, Suite 625
625 Gay Street
Knoxville, TN 37902
ATTORNEY FOR PLAINTIFF/APPELLANT


GIDEON & WISEMAN
C. J. Gideon, Jr., #6034
Suite 1900
NationsBank Plaza
Nashville, TN 37219-1782
ATTORNEY FOR DEFENDANTS/APPELLEES


REVERSED, VACATED AND REMANDED


                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION


CONCUR:

SAMUEL L. LEWIS
BEN H. CANTRELL, JUDGE

MATTHEW SEFFERNICK,    )
    )
    Plaintiff/Appellant,    )
    )    **Davidson Circuit**
    )    **No. 93C-1800**
VS.    )
    )    **Appeal No.**
    )    **01-A-01-9606-CV-00282**
SAINT THOMAS HOSPITAL AND    )
BARRY E. YARBROUGH, M.D.,    )
    )
Defendants/Appellees.    )

# O P I N I O N

The captioned plaintiff has appealed from a summary judgment dismissing his malpractice suit against the captioned defendants.

Appellant presents the following issues:

> A.    Whether the Trial Court correctly granted the defendants' motion to strike the testimony of Winston Hall Worthington, M.D. and motion for summary judgment.
>
> B.    Whether the Trial Court correctly held that the testimony of Winston Hall Worthington fails to satisfy the legal requirements to prove causation.
>
> C.    Whether the Trial Court correctly awarded discretionary costs to the defendants.

The complaint alleges that plaintiff sought treatment at the emergency room of the defendant hospital; that he was treated by the defendant physician and released; that, as a result of negligent treatment, severe complications ensued, including loss of vision in the affected eye.

The defendants filed a motion for summary judgment supported by the affidavit of the defendant physician detailing the nature of the injury, the treatment administered and instructions given, and asserting that his care and treatment of plaintiff conformed with the accepted

standards of professional practice in the specialty of emergency and that no act or omission of the affiant caused the complications stated in the complaint.

In addition to his own affidavit of the facts, plaintiff filed the affidavit of Winston Hall Worthington, M.D., which stated that he had reviewed the medical records of the treatment of plaintiff, and that said treatment fell below the standards of care in Nashville, Tennessee.

On November 16, 1993, the Trial Judge overruled defendants' motion for summary judgment.

On October 19, 1995, defendants filed a Motion to Strike and Motion for Summary Judgment which read as follows:

> Come the Defendants, Barry Yarbrough, M.D. and St. Thomas Hospital, and move the Court to:
>
> A.    Strike the testimony of Winston Hall Worthington, M.D. on the grounds that his testimony is (I) untrustworthy, (ii) that he is not an expert, (iii) that his testimony fails to meet the legal threshold to establish causation, (iv) that his testimony will not substantially assist the jury, and (v) that his testimony will be so misleading and confusing to the jury that it should be excluded under T.R.E. 403;
>
> B.    Enter Summary Judgment in favor of the Defendants.
>
> In support of this Motion, the defendants file and rely upon:
>
> A.    The deposition testimony of Winston Hall Worthington, M.D. in the discovery deposition taken on August 30, 1995;
>
> B.    The deposition testimony of Winston Hall Worthington, M.D. in *Hutchison v. Huskey and Pilot Oil Co.,* Circuit Court for Knox County, Docket Number 2-220-89;
>
> C.    A certified copy of the Arkansas Medical Board file on Winston Hall Worthington, M.D.; and
>
> D.    A Memorandum Brief.

On November 30, 1995, the Trial Court entered an order stating:

> **THIS CAUSE** came to be heard before the Honorable Thomas W. Brothers on the 17th day of November, 1995 upon the Motions of the Defendants, Barry Yarbrough, M.D. and St. Thomas Hospital, to (A) strike the testimony of Winston Hall Worthington, M.D. and (B) to enter Summary Judgment in favor of the Defendants.
>
> The Motions are well-taken and are granted. The testimony of Winston Hall Worthington, M.D. is stricken under T.R.Civ.P. 56.05 and T.R.E. 703. The Court finds that there is an inadequate factual and scientific basis for the testimony of Dr. Worthington, that Dr. Worthington's testimony will not substantially assist the trier of fact, that many material aspects of Dr. Worthington's testimony, comparing his affidavit with his August 30, 1995 deposition testimony, cannot be reconciled, and that Dr. Worthington's opinions are, fundamentally, untrustworthy. The testimony is, therefore, stricken.
>
> There is no genuine issue as to any material fact, and the Defendants are entitled to Summary Judgment in their favor as a matter of law.
>
> **IT IS, THEREFORE, ORDERED** that this cause be and the same is hereby dismissed with prejudice. Costs of this cause are taxed to the plaintiff, and/or his sureties, for which let execution issue if necessary.

Upon appeal from the foregoing order, the plaintiff first argues that the T.R.C.P. contain no provision for a motion to strike testimony. Although not expressly authorized by any official rule of evidence or procedure, motions to strike inadmissible evidence are a recognized and frequently employed device to remove from consideration evidence which has been previously filed or otherwise presented to the Court. In jury trials, it is accompanied by a request that the jury be instructed to disregard evidence which has been heard, but is later determined to be inadmissible.

In *Railway Co., v. Beeler*, 90 Tenn. 548, 18 S.W. 391 (1891), a "motion to strike all evidence in regard to the deed" was disapproved as too general "since some of the evidence is clearly competent."

In *Arp v. Wolfe*, Tenn. App. 1962, 354 S.W.2d 799, a motion to strike evidence was overruled because the offending evidence was elicited by the movant.

In *Creed v. White*, 30 Tenn. (11 Humph) 549 (1851), the Court held that illegal or irrelevant evidence may on motion at any time before the jury retires be excluded from the jury on motion.

A motion to strike (or exclude) evidence is firmly established as part of trial practice in this State. In 88 C.J.S. Trial §§ 133-156 a 36-page article on Motions to Strike evidence is found.

Appellant next insists that the rules of evidence make no provision for exclusion of expert testimony because of the character of the expert.

T.R.E. Rule 702 states that a qualified expert "may testify in the form of an opinion."

T.R.E. Rule 703 states that the Court shall "disallow" expert opinion testimony if the underlying facts or data indicate a lack of trustworthiness.

The Trial Judge has wide discretion in the matter of the qualifications of expert witnesses. *Otis v. Cambridge Mut. Fire Ins. Co.*, Tenn. 1992, 850 S.W.2d 439.

The qualifications, admissibility, relevancy and competency of expert testimony are matters which rest within the sound discretion of the Trial Court; such discretion, however, is not absolute and may be overturned on appeal where the discretion is arbitrarily exercised. *State v. Ballard,* Tenn. 1993, 855 S.W.2d 557.

No Tennessee authority is cited or found wherein the testimony of an expert was excluded because of his unsatisfactory character for truthfulness.

T.R.E. Rule 703 requires rejection of opinion testimony where "the underlying facts or data indicate lack of trustworthiness." The obvious meaning of the rule is that an opinion may be excluded if it is based upon facts which are not adequately shown to be true. Defendants insist that the disqualifying untrustworthiness extends to and includes untrustworthiness of the witness who testified as an expert. This Court has some reluctance to adopt this insistence; however, one qualification of an expert is his reliability both as to training and as to honesty and candor in expressing his opinion.

In the present case, the impeachment of the reliability of the opinion of Dr. Worthington consisted of the following:

The affidavit of Dr. Worthington (which precipitated the first order overruling defendant's motion for summary judgment) stated:

> I am familiar with the standard of medical care for my medical specialty in Nashville, Tennessee. By experience and training, I am familiar with the accepted standards of professional practice for a physician, practicing the specialty of emergency medicine, in the care and treatment of a patient like Matthew Seffernick in June of 1992.
>
> That I have received the medical records concerning Matthew Seffernick from the Saint Thomas Hospital emergency room, Ambulatory Care of Tennessee, Opthalamic Associates Care Center and John Hoskins, MD. I have also reviewed Dr. Yarbrough's September 24, 1993, Affidavit.
>
> From my review of these records and this affidavit, it is clear to me within a reasonable degree of medical certainty that Barry E. Yarbrough, M.D. fell below the standard of care in his care and treatment of Matthew Seffernick on June 27, 1992, in Nashville, Tennessee. That this deviation from the standard of care by Barry E. Yarbrough, M.D., proximately resulted in Mr. Seffernick suffering from endopthalimitis of the right eye which resulted in retinal detachment surgery and the loss of sight in this eye.

That Barry E. Yarbrough, M.D., specifically deviated from the standard of care in his treatment of Mr. Seffernick by failing to set Mr. Seffernick an appointment to return within 24 hours for an examination to ascertain if there was an infection occurring or if the damage to the eye was clearing. Had this been done, it would have been obvious that Mr. Seffernick sustained an infection. This would have allowed for proper care and would have kept Mr. Seffernick from sustaining the injury he sustained.

That Barry E. Yarbrough, M.D., specifically deviated from the standard of care in his treatment of Mr. Seffernick by failing to place the patient on Garamycin Ointment and patch the eye overnight in which case the ointment would have worked longer and provided a more continuous coverage over several hours than the solution Barry E. Yarbrough, M.D. used. Barry E. Yarbrough, M.D. failed to prescribe the use of the solution on an every four hour basis until the patient returned for re-examination the next day. That if Barry E. Yarbrough, M.D., had treated Mr. Seffernick in this fashion, Matthew Seffernick would not have suffered the resulting injuries that he sustained.

Defendants' brief cites a subsequent deposition of Dr. Worthington which is not found in the record. The record contains a document entitled "Notice of Filing" which contains purported excerpts from said deposition, but the document cannot be considered as evidence in support of the second motion for summary judgment because it contains no affidavit as required by T.R.C.P. Rules 30.03 and 56.05.

Defendants also allege the conviction of Dr. Worthington in a federal case evidenced by citation to the published report of the opinion of the appellate court in that case. Published opinions of appellate courts are not competent evidence of the facts stated therein. If the result of the case is material, it may be proven by a certified copy of the judgment.

Without competent evidence to impeach the witness, the summary judgment is without support and must be reversed.

The summary judgment of dismissal is reversed and vacated.  The cause is remanded to the Trial Court for further proceedings Costs of this appeal are taxed against the defendants-appellees.

## REVERSED, VACATED AND REMANDED

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE